## KIRKBRIDE DRILLING & OIL CO. v. SATTERLEE.

### No. 1592.   Opinion Filed February 6, 1912.

#### (121 Pac. 635.)

1.   **CHATTEL MORTGAGES**—Foreclosure—Maturity—Provision for Extension. A provision in a chattel mortgage ''that in case default be made in the payment of said notes, or either of them at maturity, unless the company (mortgagor) requests an extension of time of payment thereof, and John A. Connelly (mediator agreed upon by both parties)   *   *   *   determines that an extension of the time of payment shall be granted by the mortgagee,'' etc., means that the mortgagor shall first make request to the mortgagee for an extension of time of payment, and, in case of refusal to grant the same, the question of whether or not an extension shall be allowed shall then be determined by Connelly, the mediator; Connelly at no time having power to grant an extension, but simply to determine whether or not an extension should be granted, the right to grant the extension being in the mortgagee, to whom application should first be made.

2.   **EVIDENCE**—Parol Evidence Affecting Writings—Chattel Mortgages. The trial court committed no error in refusing to permit the introduction of parol evidence to show what the intentions of the parties were at the time said mortgage was executed, the terms of the same not being ambiguous, obscure, or indefinite, and the intent being ascertainable from the language used.

(Syllabus by Robertson, C.)

*Error from Superior Court, Muskogee County;*
*Farrar L. McCain, Judge.*

Action by D. C. Satterlee against the Kirkbride Drilling & Oil Company to foreclose a chattel mortgage. Judgment for plaintiff, and defendant brings error. Affirmed.

*B. B. Wheeler* and *Samuel V. O'Hare,* for plaintiff in error.

*Hutchings & German,* for defendant in error.

Opinion by ROBERTSON, C.   Plaintiff in error by this appeal presents but one question to this court for consideration. It is charged by specification No. 2 of the assignment of errors that the court erred in rejecting certain testimony offered for

the purpose of showing that an extension of time had been granted plaintiff in error by John A. Connelly, the mediator, named in the chattel mortgage. It appears from the record that the debt secured by the chattel mortgage was in the sum of $2,200 and interest, evidenced by fifteen promissory notes, the first one due August 5, 1909, and one each month thereafter, and by the terms of the mortgage a failure to pay any note when due matured all of them. None of the notes were paid on November 15, 1909, the date the suit in foreclosure was filed. The answer of the plaintiff in error to the petition of defendant in error, as filed in the court below, contained the following allegation:

"Futher answering, defendant states that the plaintiff herein is an employee of the said W. H. Johnson; that said plaintiff knew the conditions under which said notes were given and said mortgage executed; that said mortgage provides that the time of payment of said notes or either of them, secured thereby, may be extended upon the request of the defendant for an extension of time, and the determination by John A. Connelly that such an extension of time shall be granted. Defendant, further answering, states that it has requested such an extension of time, as provided in said mortgage, and that said John A. Connelly has granted such an extension, and therefore defendant denies that said mortgage is subject to foreclosure at this time."

The chattel mortgage contained the following provision, to wit:

"And it is expressly agreed by the parties hereto that in case default be made in the payment of said notes or either of them at maturity, unless the company requests an extension of the time of payment thereof, and John A. Connelly, or in case of his absence or inability to act, David F. Connelly, or Henry Connelly, determines that an extension of the time of payment shall be granted by the mortgagees," etc.

The plaintiff in error contends that the above stipulation in the chattel mortgage means that John A. Connelly, the mediator, could grant an extension of time for the payment of the various installments due, without any application having been made therefor by the mortgagor to the mortgagee, and that he had, in fact, granted an extension of time, and that by reason

of such extension the notes sued on were not due at the time the action was begun, and at the trial plaintiff in error attempted to show that such was the intent of the parties when the chattel mortgage was executed.

It is also contended by plaintiff in error that the provision of the chattel mortgage hereinbefore cited is ambiguous, indefinite, and obscure, and that it is impossible to gather the real intent of the parties from the language, but that parol evidence should have been admitted by the court to exemplify and make plain the real intent of the parties at the time the chattel mortgage was executed. The court, however, took the opposite view, and held that the provision of the mortgage hereinabove quoted was not ambiguous, indefinite, or obscure, and that the mediator had no right to extend the time of payment of said notes, except on request of the mortgagor, after the refusal of the mortgagee to so extend the time. We are inclined to agree with the view taken by the trial court. We think the provision as above given, meant that, if said notes or any of them were not paid at maturity, no foreclosure should be had, *if the mortgagor should request of the mortgagee or holder of said notes that an extension of the time of payment be given it,* and that in case such request was made upon the mortgagee, and he refuse to grant such extension, that the matter should then be referred to John A. Connelly, who had power, under the provisions of the chattel mortgage, to determine whether or not such request should be granted, and, in case the question was resolved in favor of the mortgagor for an extension, that the mortgagee would be bound by Connelly's decision, but, if Connelly refused to grant the additional time, then the mortgagor would be bound. The primary purpose of having a mediator, as we understand it, was to settle any dispute or difference that might arise between the mortgagor and the mortgagee on this particular subject; and, in case there was no disagreement between them, then there would be no duty for the mediator to perform. The record fails to disclose any application by the mortgagor to the mortgagee for an extension of time for the payment of the past-due notes. It is

shown, however, that an application was made by the mortgagor to Connelly, and he said that the mortgagee would not object to an extension. This conversation seems to have been made several days before the suit was filed, while the record further shows that, after the suit was filed, Mr. T. E. Kirkbride, of the plaintiff in error company, made a request on Connelly to grant a six months' extension. The record fails to show that this last request made by Kirkbride of Connelly was ever made known to W. H. Johnson, the original payee, or to B. L. Love, his representative, or to this defendant in error, the owner and holder of the notes, and they never knew of these requests, so far as the record shows, until they heard them when the testimony was offered on the witness stand at the trial. This certainly was not such a request as was provided for by the terms of the mortgage. It is clear that no request for an extension of time had ever been made upon the holder of the notes sued on, and the plaintiff in error does not contend that there was, but relies solely upon the provision of the mortgage quoted as being ambiguous. We are further confirmed in this belief by an examination of the language used in the mortgage, that "an extension of the time of the same shall be granted by the mortgagee," etc. As is well said by counsel for defendant in error:

"Even if the defendant had established beyond possible controversy that John A. Connelly had extended the time of payment, it would not have been a good defense to the suit, because the mortgagee, and no other person, had authority in this respect. Even if there should be all sorts of ambiguity, uncertainty, and doubt, about the proposition, as to the person upon whom the request should be made, there is not a possibility of doubt as to who had the power to grant the extension. No person whatsover had such authority save and except the mortgagee. * * * Connelly, in case of proper request, was to decide whether or not the mortgagee should grant the extension, and that was his sole authority."

If Connelly decided that an extension should be granted, then it became the duty of the mortgagee to grant the same. Connelly only decided the question as to whether or not the mortgagee should grant the same. It would be unfair in the extreme

Kirkbride Drilling & Oil Co. v. Satterlee.

to say that Connelly had the sole power to grant an extension without consulting the holder of the notes. As the record fairly discloses, the alleged extension was granted five days after the suit was filed, three notes being then past due, and, under the terms of the mortgage, a default in the payment of one made all due and payable. Certainly the mortgagee would not go to the trouble and expense of a suit, unless the notes were due, and he would have no way of ascertaining that fact, if the mortgagor could obtain an extension of time from the mediator, without consulting, or giving notice to the mortgagee. Under the provisions of this clause of the mortgage; it was the duty of the mortgagor to first make application for an extension of time to the mortgagee, and, on refusal of the mortgagee to grant the extension, then to the mediator, who thereupon became clothed with authority, for the first time, to grant such extension.

We think the learned judge who tried this cause below placed the proper construction on the clause of the mortgage complained of, and in so doing no error was committed by the exclusion of the testimony offered by plaintiff in error. For the foregoing reasons the judgment of the superior court of Muskogee county should be affirmed.

By the Court: It is so ordered.