## CONTINENTAL GIN CO v. SULLIVAN.

No. 4543.   Opinion Filed June 22, 1915.

(150 Pac. 209.)

1. **SALES—Contract—Stipulation for Notice—Waiver.** Where a party purchases a piece of machinery under a contract which provides for a specific notice to be given the seller in case the machine proves unsatisfactory, **held,** that such notice is for the sole benefit of the seller, and may be waived by him. And, if waived by him, he cannot complain because the contract notice was not given.

2. **SALES—Breach of Warranty—Remedies of Buyer.** Where a party under a written contract and warranty purchases an attachment for a gin plant, and then enters into a subsequent oral contract with the seller to properly install this attachment for him, if the attachment does not come up to the written warranty, and is so improperly installed as to cause his gin to put out water-packed bales, and thereby damage the purchaser's business, he may rescind the contract of purchase, and recover the purchase price of the attachment, and in the same suit recover such damages for the breach of the contract to properly install the attachment as he is able by competent evidence to prove he has sustained.

3. **SAME—Damages—Evidence.** Where an owner of a gin, in establishing damages to his business, proves the number of bales of cotton ginned daily prior to the wrong complained of, and the number daily thereafter, and that he received $2.50 per bale for ginning, and proves also the length of time he suffered this depression in business, **held,** that such evidence furnishes tangible facts, and is not speculative, and a verdict based upon such evidence will not be set aside.

4. **PLEADING—Verified Account—Denial Under Oath—Necessity.** Where a purported, verified statement of account sued on is wholly unintelligible, the party sued is relieved from denying it under oath. The statute which provides that the correctness of account duly verified shall be taken as true unless denied under oath contemplates such an account as will enable the party to whom it is presented to know for what the payment is demanded, and thus be in a position to either admit or deny its correctness.

5.    **APPEAL AND ERROR—Trial—Allowance of Attorney's Fee.**
Where a 10 per cent. attorney's fee is provided in a note, if the
jury fail to allow it, it is the duty of the trial court to do so.
And, if that court fails to do so, this court is justified in doing so,
since the amount is fixed and determined by the amount found
due on the note.

(Syllabus by Brett, C.)

*Error from District Court, Carter County;*

*S. H. Russell, Judge.*

Action by the Continental Gin Company against
G. F. Sullivan. Judgment was rendered on the verdict
and plaintiff brings error. Vacated and remanded, with
directions.

*R. N. McConnell,* for plaintiff in error.

*J. A. Bass* and *J. B. Moore,* for defendant in error.

Opinion by BRETT, C. The plaintiff in error in this
action was plaintiff below, and the parties will be re-
ferred to as plaintiff and defendant as they appeared in
the lower court.

The plaintiff filed suit in the district court of Carter
county against the defendant to recover a balance of
$1,271.31, alleged to be due on certain notes given by
defendant to plaintiff, and to foreclose a real estate mort-
gage securing same, and for a balance on an open account
of $29.41.

Defendant answered by general denial, admitting the
execution of the notes and mortgage, but pleaded as a
defense that the notes were given as the purchase price
of gin machinery sold by plaintiff to defendant; that
among other machinery purchased of the plaintiff was an
automatic tramper used in connection with the press in
baling cotton; that the price of the tramper was $150; that

the tramper was purchased under a warranty; that it was a new device, and plaintiff contracted and agreed to furnish a competent man to install this particular piece of machinery, for whose services defendant was to pay $4 per day; that the man furnished to install the tramper was incompetent, and so constructed it that a certain steam pipe was placed directly over the press, and leaked and discharged water into the press, and caused water-packed bales to be turned out from plaintiff's gin; that this steam pipe was so concealed that defendant could not, and did not, discover it until he learned that his gin was turning out water-packed bales; that the party sent to install the tramper delayed the defendant in starting his gin 12 days longer than was necessary, and that the rental value of the gin for that period was $10 per day; that he refunded as damages for water-packed bales to different parties $225; that the tramper failed to do the work for which it was purchased and installed; that he so notified plaintiff, and tendered it back to plaintiff; that by reason of his gin turning out water-packed bales his business fell off, and he was damaged thereby $1,000.

Plaintiff for reply denied that it furnished an incompetent man to install the tramper, but said it furnished, at defendant's request, a competent man for that purpose, and denied that by its negligence the tramper was so constructed as to turn out water-packed bales, alleging that, if defendant was damaged by reason of the steam emptying into the bales, it was due to the negligence and incompetency of his employees whose negligence contributed directly to the damages, and that his employees should have discovered the leaking pipe by reasonable diligence; denied that the delay in starting the gin was due to the negligence of the employee furnished by plaintiff; pleaded that the

machinery complained of by defendant was furnished by plaintiff under a written contract which is in part as follows:

"This machinery is fully warranted to be of good material and well made, with proper management to perform what is claimed for it in our printed circulars. But, if upon a full and fair trial it should not satisfactorily do its work, then immediate notice must be given Continental Gin Company, Birmingham, Ala., and to the agent from whom it was purchased, and reasonable time allowed to send a competent man to remedy the defect, and in case the trouble be caused from a clearly defined original defect in the machinery itself, then the Continental Gin Company will furnish the defective part without charge, defect in any part not to condemn the other parts. And if, on trial, the machine cannot be made to perform the work of a capacity for which it was sold as per this order, then the Continental Gin Company agrees to take said defective machinery back and refund so much of cash payment and notes as applies to the defective machinery. Any failure on the part of purchaser to comply with his contract releases this warranty entirely."

—and pleaded that defendant failed to comply with the provisions of this contract in giving notice and making complaint, and for that reason plaintiff was released from its warranty.

A trial was had. The issues of fact were submitted to a jury under instructions by the court, which returned the following verdict:

"We, the jury impaneled in the above-entitled cause, do upon our oaths, find for the plaintiff, and fix the amount of its recovery at.............$1,271.31 which amount is to be credited as follows, viz:
By amount demaged defendant..................$800.00
By return of the tramper............................ 150.00  950.00

Balance of...........................................................$321.31

with interest from the filing of this suit at the rate of 10 per cent, the plaintiff to cancel mortgage when the balance due is paid said plaintiff."

Judgment was rendered on the verdict of the jury, from which the plaintiff appeals.

Plaintiff insists on six propositions for reversal in its brief.

The first is to the effect that, since the tramper, which is the machinery complained of in defendant's answer, was purchased under a written contract, which provided for a certain notice in case it proved unsatisfactory, the defendant was bound to give the notice stipulated in that written contract, or he lost his rights. The position, as a general proposition, is correct, but has no application to the facts in this case. The defendant in the written contract above set out agreed to give immediate notice to the Continental Gin Company, Birmingham, Ala., and to the agent from whom he purchased, in case the machine was unsatisfactory, and that they should be allowed a reasonable time to send a competent man to remedy the defect, and if the machine could not be made to work satisfactorily, then plaintiff agreed to take it back and refund the purchase price, and it is further provided that the failure on the part of the purchaser to comply with this contract releases the warranty entirely. And plaintiff insists that, inasmuch as the defendant did not give the notice required by the contract, he has by the terms of the contract lost all rights. But the plaintiff is not in a position to insist upon the notice required by the written contract, and to complain because it was not given, for the reason that the evidence of both plaintiff and defendant shows that shortly after the installation of the tramper the defendant made some sort of complaint, and in response to this com-

plaint the plaintiff sent a man to try to remedy the defect in the machinery, which under the holding of this court in *Hale et al. v. Van Buren, Heck & Marvin Co.,* 24 Okla. 13, 103 Pac. 1026, and *Port Huron Engine & Threshing Co. v. Ball,* 30 Okla. 11, 118 Pac. 393, waived the notice specified in the contract. The plaintiff did not have to act upon a notice different from that specified in the contract, but, if it did act upon a notice different, it by so doing waived the notice provided, and cannot now be heard to complain that the defendant failed to give the notice required of him by the contract. The provision requiring that particular notice was for the sole benefit of the plaintiff, and it had a perfect right to waive it, but, after waiving it, it does not have a right to complain of its own conduct.

Again, plaintiff complains that the defendant is attempting to pursue inconsistent remedies; that one of two courses was open to defendant, either to refuse to accept the machine, and rescind the contract, and recover what had been paid on the purchase price, or return the machine "and set off against the purchase price such damages as naturally and approximately resulted from the breach of the warranty, but not both." In this we again think the plaintiff states, in general, a correct proposition of law, but one not applicable to the pleadings and evidence in this case. As we understand the pleadings and evidence, the defendant did rescind the contract under which he purchased this tramper, and tendered it back to the plaintiff, and is claiming by reason of that particular contract, and the defects in the tramper, only the right of rescission, and credit for the purchase price of the tramper. But, in addition to this, he also claims that by reason of plaintiff's not furnishing a competent man to install the tramper, he was unnecessarily delayed;

Continental Gin Co. v. Sullivan.

his gin put out water-packed bales; he lost customers, and had to refund money on account of the unsalable condition of cotton turned out by his gin. And none of these items of damage are based upon defects in the tramper itself, or the contract under which the tramper was purchased, but upon the breach of an entirely separate and distinct contract, by which plaintiff was to furnish an experienced and competent man to install this new piece of machinery called the tramper. There is no confusion in the pleadings on this point, no confusion in the evidence, and plaintiff's brief has not confused the mind of the court.

The third and fifth "points" urged in plaintiff's brief are but a reiteration of the propositions just discussed, and are disposed of by what has been said.

In No. 4, counsel urges that the damages proved by defendant are "speculative and uncertain profits of defendant's business," and cites a long list of authorities to sustain his position, all of which correctly state the law as we understand it, but none of them, we think, affect his case.

In the case at bar the defendant testified, without objection, to the number of bales of cotton his gin averaged daily during the first three weeks he operated it, and the number of bales he ginned daily after that, when it had become known that his gin was turning out water-packed bales, and showed the reduction in the daily average of the number of bales ginned, also that he received $2.50 per bale for ginning, and testified to approximately the length of time he suffered this loss in business. He also gave the jury the exact amount he had refunded to certain persons by reason of water-packed bales. This evidence, we think, does not fall within the rule which

prohibits speculative damages. Here the jury had tangible facts upon which to estimate the damages pleaded.

In Callahan Co. v. Chickasha Cotton Oil Co., 17 Okla. 544, 87 Pac. 331, cited by plaintiff, the court says:

"In commenting upon the decision of the Tennessee court, we feel that it would not be trespassing to note the distinction of the case it had under consideration, * * * for the reason that within common knowledge there is a marked distinction, in this, that the business of a compress is not dependent for its profits upon an open market for its products, as is the case of an oil mill. In the first its earning capacity is fixed by a specific charge for compressing a bale of cotton, while an oil mill's earnings are largely dependent upon the market for its products."

The distinction made by the court in the case quoted from is just as marked in the case at bar, where the testimony is that the defendant received a specified sum for ginning each bale of cotton. And Wiggins v. Jackson, 31 Okla. 292, 121 Pac. 662, 43 L. R. A. (N. S.) 153, cited by plaintiff in support of his position, is clearly distinguishable from the case at bar. There the party had purchased a pair of horses, and, as a defense in an action for the purchase price, pleaded that the horses were unsound, and that by reason of their unsound condition he was unable to cultivate as much land as he had intended to at the time of the purchase, and asked for damages on the contemplated profits of the uncultivated land. The court says:

"The alleged consequential damage resulting from the loss of profits from a crop not planted that are uncertain in amount, and that in fact, so far as the parties could anticipate at the time of the sale, might result, when planted, in a loss, instead of a profit, was not within their contemplation. The sale was made in the month of February, approximately three months before cotton planting season. Nothing could be more uncertain and speculative

in character than the prospective profits of a cotton crop at that time of the year to be planted in this climate. It is well known that such crop is greatly affected by the varying weather and uncertain seasons of this climate, and is subject, until matured, to be destroyed or damaged by insects, and, after it is matured, to the varying price of a fluctuating market."

Plaintiff objects to several instructions, but the trend of the objection urged is that in "dealing with profits" the instruction "seems particularly inexact and misleading, in that it directs the jury to include whatever amount they believed from the evidence could be estimated with reasonable degree of accuracy as the amount that the defendant would have realized as profits at his gin, if the machinery had been properly installed, if such damage was caused by improper and negligent installation." In view of what has been said we deem it unnecesary to again discuss that issue. There seems to be no serious complaint that the requested instructions were refused. And we think the court committed no error in refusing them.

Counsel for plaintiff complains most seriously that the verdict deprives plaintiff of interest on the amount found due for 15 months, or from the date of "filing the petition to the date of the trial," and has taken the pains to figure the amount thus lost. But counsel should not come into court with such a contention as this. Is it because he has not read the verdict, or because he relied on the delusion that the court would not read it? Either is reprehensible, for the verdict and judgment are clear and specific, and give plaintiff interest at the rate of 10 per cent from the date of the filing of the suit.

Plaintiff next complains because it did not recover on the second count of its petition, which was based upon

what it called an itemized, verified statement of account, and contends it should have recovered the amount claimed in the statement, because its correctness was not denied under oath. But the paper is not an itemized account of anything. It is as follows:

G. F. Sullivan, Lone Grove, Oklahoma, to Continental Gin Company, Dr.

Ledger 4.
Folio 233.                    Birmingham, Ala., 1-1-11.
1909          Bal. as per statement rend.

| | | | | | |
|---|---|---|---|---|---|
| Aug. 25 D | Factory invoice No. | 6637 | 38 | | |
| Sept. 7 " | | 7970 | ...... N C | | |
| 15 " | | 8708 | 1740 | | |
| 16 " | | 8776 | 250 | | |
| 20 " | | 9053 | 160 | | |
| 22 " | | 9241 | 7370 | | |
| 1910 25 " | | 9392 | 3000 | | |
| Sept. 17 " | | 9542 | 216 | | |
| 16 " | | 9467 | 316 | 130.90 | |

Credits.

| | | | |
|---|---|---|---|
| Oct. 30 D1064 | 9241 | 695 | |
| Feb. 4 " 129 | 9241 | 1600 | |
| July 5 " 459 | 8708 | 1604 | |
| 5 " 461 | 4277 | 6249 | 101.48 |

                                        29.42

Objection was made to this purported account, and the court asked counsel for plaintiff, "What comprises the invoice?" to which counsel replied: "I do not know" We think a man is not called upon to deny under oath an unintelligible statement, and that no man in good conscience can do so. And the fact that counsel for plaintiff did not know what it was claiming this money for, and could not tell from the statement whether it was claimed

for dry goods or hardware, we think, relieved defendant from denying it under oath. It is not such an account as our statute contemplates which provides that the correctness of an account duly verified shall be taken as true, unless denied under oath. That statute contemplates such an account as will enable the party to whom it is presented to know for what the money is claimed, so that he may be in a position to either admit its correctness or deny it.

Counsel also complains because the jury did not allow an attorneys' fee of 10 per cent on the amount found due, as provided for in the notes. The contention, we think, is correct. And when the jury failed to allow this amount, it was then the duty of the trial court to do so. The amount was fixed and determined by the amount found due on the notes, which was $321.31. And the trial court having failed to allow this amount, this court is justified in doing so. And we think the judgment should be vacated, and the cause remanded, with directions to the trial court to enter judgment for the amount of the verdict, increased by $32.12 as attorneys' fees.

By the Court: It is so ordered.