## FUTORANSKY v. POPE.

No. 7329.   Opinion Filed May 16, 1916.

(157 Pac. 905.)

1. **EVIDENCE—Parol Evidence Affecting Writings—Construction of Writing.** Where a written contract is plain and unambiguous, oral evidence is not admissible to explain its terms or give them a different meaning from that apparent upon the face of the contract.

2. **APPEAL AND ERROR—Review—Questions of Fact.** The verdict of a jury upon questions of fact, fairly submitted to them in an action at law upon sufficient evidence to sustain the verdict, will not be disturbed upon appeal.

3. **FRAUDULENT CONVEYANCES—Bulk Stock Law—Claims of Third Parties—Expense of Defending Suit.** Defendant bought a stock of goods in bulk and required a sworn list of creditors. Thereafter a person, claiming to be a creditor, whose name was not on such list, instituted a suit to enforce an alleged indebtedness to the seller against the stock in the hands of defendant. Such suit was afterward dismissed at the cost of the plaintiff therein, and no liability against the stock in the hands of defendant was ever enforced. **Held,** that defendant was not entitled to recover from the seller or his trustee in bankruptcy money expended in preparing to defend such creditor's suit.

4. **BILLS AND NOTES—Actions—Costs—Attorney's Fee.** Where in a suit upon a promissory note, providing for 10 per cent. in addition to the amount due as an attorney's fee, the court did not submit the question of an attorney's fee to the jury, but directed them to find the amount of principal and interest due, it was not

error for the court, in rendering judgment, to add 10 per cent. to the amount of the verdict as an attorney's fee.

(Syllabus by Burford, C.)

*Error from District Court, LeFlore County;*
*W. H. Brown, Judge.*

Action by J. B. Pope, trustee of the estate of J. R. Olive, bankrupt, against Charles Futoransky. From a judgment for plaintiff, defendant brings error. Affirmed.

*Wright & Boyd,* for plaintiff in error.

*J. W. Hale* and *T. H. Du Bois,* for defendant in error.

Opinion by BURFORD, C. This is a suit brought by the trustee in bankruptcy of the payee of certain promissory notes against the maker thereof. The execution of the notes was admitted, and certain set-offs and counterclaims were pleaded as defenses thereto. It was admitted that the defendant, Futoransky, as second party, and J. H. Olive, bankrupt payee of the note, as first party, prior to bankruptcy, entered into a certain contract, the material portions of which are as follows:

"Said first party agrees to sell to second party the stock of goods contained in his store building in Heavener, Okla., said stock consisting principally of dry goods, ladies' and gent's furnishings, boots and shoes, hats and such other goods usually carried in a store of this class. Amount of stock approximately $5,000.

### "Considerations.

"(a) Second party to pay for above-mentioned stock of goods, on the basis of seventy per centum (70%) of the invoice value of the same, provided, that only new clean stock shall be taken. If any old or damaged stock

or remnants, an agreed value shall be arrived at between the parties hereto.

"Payments for said stock shall be made by second party as follows: One thousand dollars ($1,000) on completion of the inventory taking, and delivery of clear bill of sale. Five hundred dollars ($500) within thirty days thereafter; balance to be paid in six equal installments thirty days apart, the first installment of the said six to be made within thirty days from the second five hundred dollar payment. Interest on deferred payments at the rate of ten per cent. per annum.

"It is further agreed and understood that said first party shall maintain the stock of goods, in substantially as good condition as it is at the present time, until second party shall arrive to commence invoicing; i. e., small needs of staple lines shall be replenished as justified by the sales. However, nothing contained in this paragraph shall prevent first party from reducing the stock of goods through retail sales."

Under this contract the defendant, Futoransky, and the bankrupt, Olive, together with certain persons employed by each, some time after the execution of the contract, invoiced the stock of goods and found its invoice value to be $3,262.14, for which amount of goods the defendant paid in cash, and by the notes in suit, 70 per cent. of the face of such invoice, or $2,283.50.

Excluding the defenses which were allowed by the court and sustained by the jury, defendant claimed that he was entitled to certain reductions on the amount due, the first of which was that he expected the stock to invoice $5,000, and that since it did not, he was entitled to damages in the sum of $521.36, being 30 per cent. of the difference between the amount of invoice of the stock and $5,000. The reason for this ingenious claim is not set out

in the brief, but we assume that it was upon the basis that in order to fill out the stock to $5,000, he would have had to buy goods at 100 per cent. on the dollar, instead of getting them from Olive at 70 per cent. on the dollar. The trial court excluded this element of damage, and evidence tending to show the transactions of the parties prior to the execution of the written contract, and what the defendant expected the amount of stock would be. In this we think the trial court was entirely correct. The contract is not ambiguous, and in no place does it stipulate that the stock turned over to the defendant should amount to $5,000. Parol evidence was not admissible to show the intention of the parties or to enlarge the terms of the contract. *Kirkbride Drilling Co. v. Satterlee,* 32 Okla. 22, 121 Pac. 635; *Miller Bros. v. McCall Co.,* 37 Okla. 634, 133 Pac. 183. Another conclusive answer to this contention is that the defendant helped to invoice the stock of goods, and knew what it amounted to and paid for it after he had that knowledge.

The next item claimed by the defendant was $150 expenses in a suit instituted by Wheeler-Motter Company. This defense the court took from the jury by an instruction, and we think properly. The defendant proved that he had required from Olive a sworn statement of his creditors in order to comply with the Bulk Sales Law, and that the name of Wheeler-Motter Company was not included in said list; that thereafter Wheeler-Motter Company brought a suit against the defendant, alleging that Olive was indebted to them in a large amount, and seeking to subject the stock in the hands of the defendant to the payment of this debt, and that in such suit the defendant incurred expenses in the sum of $150. The record

shows, however, that this suit was dismissed at the cost of the plaintiff, and it does not appear that there was any indebtedness of Olive's to his creditors enforced against the stock in the hands of the defendant. Under such circumstances we think this claim for reduction of the amount due on the notes cannot be sustained.

The third claim is for several hundred dollars for errors in the inventory, it being claimed that in the extensions and footings, part of which were made by Olive and part by the defendant, and part by their respective employees, there were mistakes made which operated to the disadvantage of the defendant. This question the court submitted to the jury in a fair instruction not excepted to by either party. The inventory was in evidence, and the jury could pass upon the mistakes made in it, if there were any. We must therefore assume that they passed upon the question, and, it not being insisted that there is no evidence to sustain their finding, under the well-known rule of this court, it will not be disturbed.

It is finally claimed that the court erred in its judgment. The jury rendered a verdict in which they found "for the plaintiff and fix the amount of his recovery at $1,000." The court rendered judgment for $1,000, with interest at 10 per cent. from the date of the judgment, and an attorney's fee of $100. An objection is made to the item of attorney's fee. In this we think there is no error. The notes provided for "10 per cent. additional as attorney's fee." It seems that the trial court did not submit the question of attorney's fee to the jury, but instructed them as follows:

"If after allowing the defendant all credits to which you find from the evidence he is entitled under these in-

structions, such credits do not amount to a sum equal to the face of the notes and interest, then it will be your duty to return a verdict for the plaintiff for the difference in such credits, if any, and the face of the notes and interest."

Under these circumstances the decision is governed by that in *Continental Gin Co. v. Sullivan,* 48 Okla. 332, 150 Pac. 209. In that case the court submitted the question of attorney's fee to the jury, but the jury returned a verdict which specifically set out the items of recovery and offset, and the attorneys' fees were not included in the recovery. It was there said:

"Counsel also complain because the jury did not allow an attorney's fee of 10 per cent. on the amount found due, as provided for in the notes. The contention, we think, is correct; and, when the jury failed to allow this amount, it was the duty of the trial court to do so. The amount was fixed and determined by the amount found due on the notes, which was $321.31, and, the trial court having failed to allow this amount, this court is justified in doing so, and we think the judgment should be vacated, and the cause remanded, with directions to the trial court to enter judgment for the amount of the verdict, increased by $32.12."

It is to be noted that the case at bar is not one where the question of attorney's fees was submitted to the jury, and a general verdict rendered, from which it is impossible to state whether or not the attorney's fees were included.

We have carefully examined the various allegations of error by plaintiff in error, and find none of them which ought to be sustained.

The judgment is affirmed.

By the Court: It is so ordered.