## KERR et al. v. McKINNEY.

No. 8282—Opinion Filed Jan. 22, 1918.

(170 Pac. 685.)

1. **Guardian and Ward—Pleading—Guardian's Right of Action --- Admission by Unverified Answer.**

When a petition avers that the plaintiff is the duly appointed. qualified, and acting guardian of certain minors. to which an unverified answer is filed. such guardianship is admitted. and such guardian in her own name may maintain an action for property belonging to her wards without joining them as parties in the action.

2. **Pleading—Judgment on Pleadings—Insufficient Answer.**

Where an action is brought upon a promissory note, and an answer thereto filed, which is not verified. and which does not set up any setoff or counterclaim or other legal defense, judgment on the pleadings may be properly entered for the plaintiff.

3. **Guardian and Ward — Action — Abatement—Grounds.**

Where an action is brought by a guardian on a promissory note made to her as such guardian, the fact that her wards prior to the bringing of the action upon such note reached their majority or have married is not a defense to said action or ground for its abatement.

4. **Mortgages— Foreclosure—Personal Judgment.**

In an action to foreclose a mortgage made by a husband and wife to secure an indebtedness alone of the husband, foreclosure of such mortgage may be decreed against both the husband and wife, without rendering a personal judgment against the wife, notwithstanding no consideration moved to the wife.

5. **Bills and Notes—Attorney's Fee—Allowance—Taxation as Costs.**

When 10 per cent. attorney's fee is provided in a promissory note, if the jury fail to allow it, it is the duty of the trial court so to do, and this may be done by including the amount of such fee in the judgment proper, or by taxing such fee as a part of the cost.

6. **Same—Inclusion in Judgment.**

When a 10 per cent. attorney's fee is provided in a promissory note, it is better practice to include such fee in the judgment proper, than to tax such fee as a part of the costs.

7. **Pleading—Judgment On the Pleadings—Allowance.**

An examination of the pleadings in this case discloses that the trial court did not err in sustaining plaintiff's, motion for judgment on the pleadings.

8. **Appeal and Error—Affirmance—Judgment Against Sureties on Supersedeas Bonds.**

This court upon affirming a judgment against an appellant cannot, under chapter 249. Sess. Laws 1915, also render judgment against the sureties upon a supersedeas bond, conditioned as provided by subsection. 3, § 5251. Rev. Laws 1910; given in the case.

(Syllabus by Collier, C.)

Error from District Court, Pontotoc County; Tom D. McKeown, Judge.

Action by Mary McKinney, guardian, against W. S. Kerr and another. Judgment for plaintiff, and defendants bring error. Affirmed, and judgment against sureties on supersedeas bond denied.

J. E. Grigsby, for plaintiffs in error.

J. F. McKeel, for defendant in error.

Opinion by COLLIER, C. This is an action brought by defendant in error against plaintiffs in error to recover upon a promissory note and for the foreclosure of a mortgage given to secure the payment of said note. Hereinafter the parties will be disignated as they were in the trial court.

The note is set out in the petition and shows that there has been paid upon said note three payments aggregating the sum of $500; that said payments are indorsed upon the back of said note; and that said note provides for the payment of 10 per cent. additional as attorney's fees in case of legal proceedings to collect the note. The note is executed by W. S. Kerr only, but the mortgage securing the payment of said note, the property mortgaged being the homestead of defendants, is executed by W. S. Kerr and his wife, Maggie E. Kerr.

Plaintiff filed motion to quash service of summons, which was overruled and excepted to.

The petition describes the note and mortgage and avers that the plaintiff is the duly and legally appointed and qualified guardian of the minor heirs of George H. McKinney, deceased.

The defendant demurred to the petition upon the ground that the court had no jurisdiction of the person of the defendant or the subject-matter of the action; that plaintiff had no legal capacity to sue; that there is a defect of parties, both plaintiff and defendants; that several causes of action are improperly joined; that the petition does not state facts sufficient to constitute a cause of action—which demurrer was overruled and excepted to.

On motion, judgment on the pleadings was rendered against W. S. Kerr in the sum of

$3,079.95, with interest thereon at the rate of 10 per cent. per annum from the 18th day of November, 1915, and decreed a foreclosure of the mortgage given to secure the payment of said note against both of the defendants, and costs, including in said costs an attorney fee in the sum of $307.99, to which defendants duly excepted.

Within the time provided by law, the defendants made a motion for a new trial, which is as follows:

"Come now the defendants, W. S. Kerr and Maggie E. Kerr, and move the court to grant a new trial in this cause for the reason: First. The decision of the court is contrary to the law. Second. The court erred in rendering judgment on the pleadings filed in said cause. Third. The court erred in sustaining plaintiff's motion for judgment on the pleadings of said cause."

Which motion was overruled and duly excepted to, and error brought to this court.

On the unbroken line of decisions in this court, only such errors as are called to the attention of the court by motion for new trial can be considered by this court.

In Vandenberg v. Winne, 55 Okla. 679, 155 Pac. 245, it is said:

"Error occurring during the trial cannot be considered by the Supreme Court, unless a motion for a new trial founded upon and including such errors has been made by the complaining party, and acted upon by the trial court, and its ruling excepted to, and afterwards assigned for error in the Supreme Court."

In De Vitt et al. v. City of El Reno et al., 28 Okla. 315, 114 Pac. 253, it is said:

"The limit of appellate inquiry under an assignment of error to the effect that the judgment was contrary to law is this: On the pleadings and findings, was the proper judgment entered?"

It therefore follows that the only error properly presented for review by this court is "that the court erred in rendering judgment upon the pleadings in favor of plaintiff."

The answer is not verified and, not being verified, the allegation that the plaintiff is the duly appointed and qualified guardian of said heirs of George McKinney, deceased, is admitted.

Section 4759, Revised Laws 1910, provides:

"In all actions, allegations of the execution of written instruments and endorsements, thereon, of the existence of a corporation or partnership, or of any appointment of authority, or the correctness of any account duly verified by the affidavit of the party, his agent or attorney, shall be taken as true unless the denial of the same be verified by the affidavit of the party, his agent or attorney."

That the plaintiff could legally bring this action without joining with her the person for whose benefit it is prosecuted is conclusively shown by section 4683, Revised Laws 1910, which reads as follows:

"An executor, administrator, guardian, trustee of an express trust, a person with whom, or in whose name, a contract is made for the benefit of another, or a person expressly authorized by statute, may bring an action without joining with him the person for whose benefit it is prosecuted. Officers may sue and be sued in such name as is authorized by law, and official bonds may be sued upon in the same way."

The action being properly brought in the name of the plaintiff and the petition stating a good cause of action, and the execution of the note and mortgage being admitted by the nonverified answer, and there being no legal defense set up in said answer, and no question of fact left to be determined, the court did not err in sustaining the motion of plaintiff for judgment on the pleadings.

The mortgage sought to be foreclosed, which is made a part of the petition by exhibit and whose execution is admitted by the answer of the plaintiff, shows that the debt thereby secured was a debt of W. S. Kerr; that Maggie E. Kerr was his wife, and, notwithstanding no consideration moved to her, the mortgage is valid and enforceable.

In Reeves & Co. v. Dyer et al., 52 Okla. 750, 153 Pac. 850, it is said:

"A wife has the right to join her husband in a mortgage of the homestead, to secure a note of the husband, where the consideration of the same came to him alone; and such a mortgage is valid and enforceable without any consideration moving directly to the wife."

And the contention of the defendants that a foreclosure cannot be maintained without a personal judgment being rendered against Maggie E. Kerr is not well taken.

In Echols et al. v. Reeburgh, 62 Okla. 67, 161 Pac. 1065, it is held:

"Suit to foreclose a real estate mortgage may be maintained without seeking personal judgment for the mortgage indebtedness."

Upon the overruling of the demurrer to petition, the defendant answered, frankly admitting the execution and delivery of the note and mortgage, averred that the designation of plaintiff as "Gdn" is not sufficient,

that the real owners of the note are the children of plaintiff, that said note and mortgage were executed while the said children were minors, and that since then the said male children have reached their majority and the females have married; and in the third paragraph of the answer aver that the property covered by the mortgage at the time note and mortgage were executed was used, and is still used as the homestead of defendants, which said third paragraph was demurred to by plaintiff, and demurrer sustained and exceptions saved. The answer was not verified.

The answer fails to plead any legal set-off or counterclaim. In short, the only defense tendered by the answer is that the plaintiff is wanting in capacity to sue by reason of the fact that the wards of the guardian, since the execution of the note and mortgage which was the foundation of the suit, have reached their majority or married, and that consequently the guardian has not the right to maintain the action.

While the authorities are in conflict as to whether or not a guardian may maintain an action for the recovery of money based upon a note and mortgage executed to her as guardian prior to the majority or marriage of her wards, after her wards have reached their majority or married, the weight of authorities and the best-reasoned cases are that the guardian may maintain such action, and, want of capacity of the guardian to maintain the action being the only defense interposed by the answer in the instant case, the court did not err in rendering judgment on the pleadings.

In Minnie P. Huntsman, Guardian, v. Daniel Fish, 36 Minn. 148, 30 N. W. 455, it is held:

"A guardian of minors may properly maintain an action to recover money collected for her as guardian by an attorney, notwithstanding the fact that, after the collection and before the commencement of the action, some of the minors have become of age."

In Reed v. Lane et al., 96 Iowa, 454, 65 N. W. 380, it is held:

"That a ward has attained her majority pending an action by her guardian to recover the amount of the indebtedness of a former guardian to the ward is not ground alone for the abatement of the action."

In B. Zachary et al. v. D. G. Gregory, Guardian, etc., 32 Tex. 452, it is held:

"To a suit by a guardian on a note made to him as guardian, it is no answer to set up the fact that the plaintiff had ceased to be such guardian by reason of his former

wards having attained their majority or married."

In Gard v. Neff, 39 Ohio St. 607, it is held:

"Where an action is prosecuted by A., guardian of B., on an instrument payable to A., guardian of B., the fact that the ward becomes of age pending the suit affords no ground to abate it."

In the body of the opinion it is said:

Sections "951 and 953, which provided that every action must be prosecuted in the name of the real party in interest, except that a person with whom or in whose name a contract is made for the benefit of another * * * may bring an action without joining with him the person for whose benefit it is prosecuted. The promise of the defendants was to pay Neff, who was named as guardian; the action was by Neff as plaintiff, although described as guardian. His right to 'prosecute' the action was clear, and no error intervened in the refusal to dismiss the action or order its abatement upon the ward reaching his majority."

However, the question as to the right of the guardian to maintain an action after the wards have reached their majority or married is not an issue in this case for the reason that the answer was an unverified answer, and therefore the allegation "that the guardian was not the owner or holder of the note, and could not legally maintain this action," states no defense.

In the case of Burling v. Stinnett, 46 Okla. 159, 148 Pac. 140, it is held:

"In an action upon a promissory note by the payee against the maker thereof, an unverified answer admitting the execution and delivery of the note, but alleging that the payee is not the owner and holder thereof, states no defense, and the payee is entitled to judgment on the pleadings for the amount due on said note.

"The plaintiff insists that he was entitled to judgment on the pleadings, and that his motion should have been sustained. We agree with him. The original answer was an unverified * * * * denial. This raises no issue, under section 4759, Revised Laws 1910. * * * This is too well settled to require citation of authorities. The amended answer, which was also unverified, admits the execution and delivery of the note sued on, but alleges generally that the plaintiff is not the owner and holder thereof. This constitutes no defense."

It therefore clearly appears that the only defense interposed by the defendant to the action is the want of capacity of the plaintiff to maintain the action which under the unverified answer filed in this case is not a defense, and the court did not err in rendering judgment on the pleadings.

While the better practice would have been to have included the attorney's fee, the taxing of said attorney's fee as part of the costs works no injury of which the defendant can complain, as the procedure followed only causes a loss to the plaintiff, or rather the plaintiff's attorney, for the reason that said fee does not, as it would do had it been included in the judgment, carry interest.

In Futoransky v. Pope, 57 Okla. 755, 157 Pac. 905, L. R. A. 1916F, 548, it is said:

"Where, in a suit upon a promissory note providing for 10 per cent. in addition to the amount due as an attorney's fee, the court did not submit the question of an attorney's fee to the jury, but directed them to find the amount of principal and interest due, it was not error for the court, in rendering judgment, to add 10 per cent. to the amount of the verdict, as an attorney's fee."

In Continental Gin Co. v. Sullivan, 48 Okla. 332, 150 Pac. 209, this court held:

"Where a 10 per cent. attorney's fee is provided in a note, if the jury fail to allow it, it is the duty of the trial court to do so. And, if that court fails to do so, this court is justified in doing so, since the amount is fixed and determined by the amount found due on the note."

This cause is affirmed.

The attention of this court is called, in plaintiff's brief, to the fact that a supersedeas bond was given in this case, and that a certified copy of said bond has been filed in this cause in this court, and earnestly insist that, should the case be affirmed, the judgment be also rendered against the sureties on said supersedeas bond. An inspection of said bond discloses that said supersedeas bond is given under subsection 3 of section 5251, Revised Laws 1910, and conditioned that, during the possession of said property pending the determination of said cause on appeal, defendants will not commit, or suffer to be committed, any waste thereon, and if the judgment be affirmed shall pay all costs and shall pay any deficiency of such judgment remaining after the sale of such property, the mortgaged property described in the said bond.

We are of the opinion, and so hold, that chapter 249, Session Laws 1915, p. 606, does not authorize the rendition of a judgment by this court against said sureties, as, before liability is imposed upon said sureties upon said bond, it must be shown that the defendants committed, or suffered to be committed, waste upon the mortgaged property, or that the said sureties have failed to pay any deficiency of such judgment remaining

after the sale of the mortgaged property described in the bond.

Judgment by this court against the sureties on the supersedeas bond is denied.

By the Court: It is so ordered.