**MARLIN v. WILLIAMS et al.**

No. 16463—*Opinion Filed April 13, 1926.*

Rehearing Denied May 18, 1926.

1. **Mortgages—Breach of Mortgage and Note — Right of Mortgagee to Recover Stipulated Attorney's Fee.**

If a mortgagor breaches a real estate mortgage, and also breaches the note secured by the mortgage, and fails to pay the indebtedness according to the terms of the note and mortgage, the plaintiff will be entitled to recover attorney's fees, cost, and interest, as provided by the note secured by the mortgage.

2. **Same—Erroneous Judgment Denying Recovery.**

Record examined; held, to be insufficient to support judgment denying plaintiff a recovery for attorney's fee, court costs, and interest on the note and mortgage.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Divison No. 4.

Error from District Court, Payne County: C. C. Smith, Judge.

Action by Terry Marlin against Paul S. Williams and O. O. Owens for debt and foreclosure of mortgage. Judgment allowed plaintiff to recover the principal of the note, but denied recovery for certain interest, attorney's fee, and court costs. The plaintiff brings error. Reversed and remanded with directions.

L. B. Orton, for plaintiff in error.

C. M. Oakes, for defendants in error.

Opinion by STEPHENSON, C. Paul S. Williams executed and delivered his promissory note in the principal sum of $1,200 to Baxter Davis. It was due and payable on June 28, 1924. The payor of the note executed and delivered his real estate mortgage on lands situated in Payne county, to secure the payment of the note according to its terms and tenor. The note reached the hands of Terry S. Marlin by assignment. The note contained the following provision in relation to the payment of attorney's fee:

"If this note is unpaid when due, and is collected by an attorney, or by suit, principals, sureties, and indorsers agree to pay an attorney fee for the collection of the sum, the sum of $25 and 10 per cent. of the amount remaining unpaid."

Paul S. Williams sold and conveyed the mortgaged premises to O. O. Owens in October, 1923. The note and mortgage became due and payable to Terry Marlin on June 28, 1924. The holder of the note requested payment of Paul S. Williams soon after the note became due. The holder was advised by an agent of Williams, that the latter was away and would take care of the indebtedness upon his return. The note and mortgage were placed in the hands of L. V. Orton at a later date for collection. L. V. Orton wrote Paul S. Williams in August about the payment of the indebtedness. The letter was answered in the name of Paul S. Williams, by R. B. Hansen. The letter was to the effect that suit would neither expedite settlement, nor hurry the return of Mr. Williams. The letter further stated that, if the indebtedness was not paid before September 11, no further apology would be offered for the delay. Mr. Orton replied to Mr. Hansen to the effect that suit would be deferred until the 11th, of September, and that the attorney's fee would be $75, if the principal and interest were paid by that date. No mention was made in any of the letters, that Owen had purchased the mortgaged lands in October, 1923. Owens addressed a letter to the Pawnee Title & Loan Company, of which Marlin was an officer, in relation to the note and mortgage. The letter stated that the writer was enclosing a check for the principal and interest for the benefit of Williams. Owens requested Marlin to assign the note and mortgage to him without recourse. The letter did not state that the check or draft included $75 for attorney's fees. However, check as described in the letter was not enclosed. Marlin advised Owens under date of September 10th, that check was not enclosed with the letter, and, further, that he could not accept check for the principal and interest, as the note and mortgage had been already placed in the hands of an attorney for collection. A party signing himself as secretary for Owens, under date of September 10th, addressed a letter to the Pawnee Title & Loan Company, enclosing check which had been referred to in Mr. Owen's letter of September 9th. The check did not include an attorney's fee, which Orton had stated would be due in the sum of $75. This check was returned to Owens, with information to the effect that it did not include the attorney's fee, and that Marlin could not accept payment unless it included an attorney's fee. Marlin and the attorney lived in Pawnee county, and the attorney had mailed petition and papers for the commencement of the action to the court clerk of Payne county, before receiving the secretary's letter of September 10th. The petition for suit was forwarded to the court clerk on September 11th. Neither Marlin,

nor the attorney, knew that Owens owned the land until Williams filed his answer. An amended petition was filed in the action making Owens a party defendant. The two defendants pleaded tender of the check in the amount of the principal and interest to date, which was forwarded with the letter of September 10th. It was the contention of the defendants that the plaintiff was not entitled to recover interest on the indebtedness after September 11th, or attorney's fee and cost. The trial of the cause resulted in a judgment in favor of the plaintiff and against Williams for the principal and interest to September 10, 1924, and attorney's fee for $125. Judgment went against Owens for the principal and interest to September 10, 1924. The court modified the judgment on motion for new trial, so as to leave the judgment against Williams for the principal and interest to September 10th, and omitting judgment against Owens. The plaintiff has appealed the cause here. The judgment denied plaintiff recovery for attorney's fee, court cost, and interest after September 10th. The condition of the note, as quoted herein, together with a recital of the happenings, show that the default was made in the payment of the note and mortgage on June 28, 1924.

The defendants do not claim that the plaintiff acted fraudulently in placing the note and mortgage in the hands of the attorney for collection. The plaintiff was entitled to recover his indebtedness according to the terms and tenor of the note and mortgage. The plaintiff was entitled to the collection of a reasonable attorney fee at the time Owens sent his check of September 10th. If Mr. Owens had sent the check for $75, or even for a reasonable attorney fee, a different question would be made in this appeal. The rights of the parties in this action must be governed by the terms of the note and mortgage, and the law applicable thereto. Gourley v. Williams, 46 Okla. 629, 149 Pac. 229; Continental Gin Co. v. Sullivan, 48 Okla. 332, 150 Pac. 209; Futoransky v. Pope, 57 Okla. 755, 157 Pac. 905; Letcher v. Wrightsman, 60 Okla. 14, 158 Pac. 1152; Kerr v. McKinney, 69 Okla. 88, 170 Pac. 685.

The judgment is reversed and remanded, with directions that the plaintiff be allowed to recover his cost, interest, and attorney's fee, according to the terms and tenor of the note and mortgage, and that the judgment be declared superior to the rights of defendant Owens in the mortgaged premises.

By the Court: It is so ordered.

Note.—See under (1) 27 Cyc. pp. 1657, 1775, 1782 (Anno); 19 R. C. L. p. 567; 3 R. C. L. Supp. p. 957. (2) 4 C. J. p. 1164 § 3181.