## HOPE v. GORDON.

No. 25107.    Sept. 17, 1935.

Rehearing Denied Oct. 29, 1935.

Jerome Walsh and Hagan & Gavin, for plaintiff in error.

C. F. Gordon, for defendant in error.

PER CURIAM. This is an action brought in the district court against the defendant, plaintiff in error here, to recover on a promissory note executed by the plaintiff in error, payable to the defendant in error, for the sum of $10,000, dated July 9, 1925, payable 90 days after date, with 8 per cent. interest, and $1,000 attorney's fees. The only endorsements were interest payments, paying the interest up to July 9, 1931.

Summons was duly issued, and by stipulation of the parties the defendant entered her voluntary appearance through Aby & Tucker. Afterwards, the plaintiff moved for permission to make George D. Hope Lumber Company, a corporation, an additional party defendant, and to file an amended cause of action against said company as guarantor, and leave was given so to do, and the amended petition was filed on October 14, 1932, alleging, in addition to the allegations of the original petition, that George D. Hope Lumber Company guaranteed the payment of the note, and the guaranty on the back of said note was pleaded, and a joint and several judgment was asked against both defendants. A summons was issued upon the amended petition directed to George D. Hope Lumber Company, but no service was made upon either of the defendants.

On April 6, 1933, motion for judgment on the pleadings was filed by the attorneys for the defendant in error, no action having been taken since January 12, 1932. Attached to this motion was a stipulation which had given the defendant six months from January 12, 1932, to file answer, and no answer having been filed within the time, as extended, judgment was sought as by default.

On April 8, 1933, the plaintiff in error appeared orally, and asked for ten days to file answer, and the court on that date gave five days to file answer, without prejudice to the rights of the defendant in error to have the case set for trial upon the next jury docket. Thereupon, on April 12, 1933, the plaintiff in error filed her separate answer, in which she,

First. Denied each and every allegation of the amended petition, and specifically denied that she executed the promissory note

sued upon, or authorized the same to be executed.

Second. She alleged that she had no recollection of executing said promissory note, and because of want of recollection, she denied the same. She then alleges that if the signature on said note is hers, that it was procured through fraud and artifice of one A. Catlett, who endorsed the note in the name of George D. Hope Lumber Company, and she alleges that it was understood by and between the plaintiff and the said A. Catlett that said loan of $10,000 should be made to the said George D. Hope Lumber Company, a corporation, and that if the money was actually loaned by the plaintiff, it was loaned to the said corporation and not to said defendant, Eleanor M. Hope, which fact was at all times well known to and understood by the said defendant in error. That because of said fact, the said George D. Hope Lumber Company was in reality the maker of said note, and the principal debtor thereon, if said amount of $10,000 was actually loaned by the said plaintiff on July 9, 1925, and that the said George D. Hope Lumber Company should be made a party to said action and should be served with process; that the said George D. Hope Lumber Company had property and assets sufficient to satisfy the indebtedness set forth in plaintiff's petition, and she alleges that because of the foregoing facts, judgment should not be rendered primarily against the defendant, if it should be shown that she executed the note, but should be rendered against George D. Hope Lumber Company, and against her as surety, and that execution should not be issued against the plaintiff in error until the property and assets of the said George D. Hope Lumber Company had been exhausted.

Third. The defendant alleges that if said note was actually executed by her, it was executed without consideration, and is unenforceable for want of consideration.

Fourth. For a fourth defense, she pleads the bar of the statute of limitations, and alleges that none of the interest payments shown on Exhibit "A", of plaintiff's petition, were made by her or on her behalf.

By way of cross-petition she re-avers all of the allegations and denials alleged in her first, second, third and fourth grounds of defense, and alleges that if said promissory note of July 9, 1925, was actually executed by her and by said George D. Hope Lumber Company, and if said sum of $10,000 was

loaned by said plaintiff because of said note, said note was executed and said loan was made upon an agreement between said plaintiff and A. Catlett, representing the said George D. Hope Lumber Company, that said moneys should be turned over to said lumber company, and that said George D. Hope Lumber Company should be the principal obligor by reason of said note, and that because of said facts said note should be reformed so as to show said lumber company as the principal obligor on said note. This answer was verified by Horace H. Hagan, for the reason that the plaintiff in error was then in the state of New York and not present to personally verify the same.

To this answer and cross-petition the defendant in error filed a general denial by way of reply.

No effort was made by the plaintiff in error to get service upon her cross-petition upon the lumber company, and no service was, in fact, ever made upon said lumber company upon the amended petition filed by the defendant in error.

Motion was made on April 25, 1933, to strike the case from the trial docket of May 2, 1933, because of want of service upon the said George D. Hope Lumber Company, and on April 26, 1933, this motion was denied by the court, as shown by journal entry on page .29 of the record, and an exception was saved by the plaintiff in error.

On May 2, 1933, the plaintiff in error made an application and motion for continuance on the ground that she had not had sufficient time to prepare for trial, and that the defendant was absent in the state of New York, and could not be present on May 2, 1933, because of serious illness; that they only ascertained this state of facts on April 27, 1933, and that it was then too late to give notice and take defendant's deposition, and that it was necessary that she be personally present, not only as a witness, but to direct the defense of her case, and her supposed testimony was set out in said affidavit; that if a continuance be granted, that her deposition would be taken within 30 days, and if not able to be personally present at the next setting of the case, that the deposition would be used and the case tried even though the absence of the plaintiff in error would be prejudicial to the trial of the case. This was accompanied by an affidavit from her physician, Gerhard H. Mueller, and by supporting affidavits of her attorneys, Jerome Walsh and Horace H. Hagan. The affidavit of the physician was

to the effect that he had examined Mrs. Hope on April 27, 1933; that she was ailing and suffering from neurosis and liposis of the heart, and subnormal blood pressure; that such condition was aggravated, and as a result thereof Mrs. Hope had been advised to remain in bed in order to avoid agitation and excitement and to abstain and refrain from extensive traveling, change of atmosphere and climate, and further stated that he was of the opinion that any extensive trip would be detrimental to her health, and likely to cause her severe and lasting injury. This motion for continuance was resisted by the defendant in error, and on May 2, 1933, the court, after hearing the evidence, which consisted of the examination of the attorneys for plaintiff in error by the attorney for the defendant in error, denied the continuance, but offered to pass the case over until Monday or Tuesday of the following week if counsel for plaintiff in error wanted additional time to enable them to have the said Mrs. Hope present at the trial, as shown by page 55 of the record.

The attorneys for plaintiff in error refused to consent to the trial of the cause the following week, and the court thereupon called the jury and directed that the case proceed to trial, and thereupon the evidence was presented for both plaintiff and defendant; the affidavit for continuance was read in evidence as the testimony of the plaintiff in error; the case was submitted to the jury and judgment rendered in favor of the plaintiff, as shown on page 96 of the record, as follows:

"We, the jury in the above entitled action, duly impaneled and sworn, upon our oaths find the issues in favor of the plaintiff, C. M. Gordon, and assess the amount of her recovery at $10,000, with interest thereon at the rate of eight per cent. per annum from the 9th day of March, 1933, S. P. Harriss, Foreman."

Judgment was entered on the verdict for the sum of $10,000, together with costs of the action in the sum of $22.50, and $1000 attorney's fees. To all of which judgment the plaintiff in error excepted. Motion for judgment notwithstanding the verdict was filed by the plaintiff in error; also, motion for new trial; both of which motions were overruled by the court, as shown by the journal entry at page 114 of the record. Notice of appeal was given at the time of the overruling of the motion for new trial, and in due time the petition in error was filed in this court.

The plaintiff in error in her brief has

argued the case under six specifications of error, which will be disposed of in the same order.

After a careful consideration of the briefs filed on behalf of both the plaintiff in error and the defendant in error, we are of the opinion that under all the circumstances of the case, the court did not abuse its discretion in overruling the motion and application for continuance. A consideration of the record shows that this case has been pending for a long time, during which the plaintiff in error made no effort to make any defense to the action, until finally, after the granting of a considerable delay by the defendant in error, and the plaintiff in error having been given additional time to plead, by stipulation of the parties, an answer was filed. The answer appears to us to be a negative pregnant; the execution of the note is denied, and want of consideration is pleaded, and the plea is then made that if the signature to the note is genuine, the plaintiff in error occupied the position of surety only, and not as original maker.

The denial of the execution of the note is based upon the ground that the plaintiff in error had no recollection of having signed the note. The evidence discloses, however, beyond cavil and question, that the signature to the note is her genuine signature. Whether she executed the note as a matter of accommodation to the codefendant named in the amended petition, George D. Hope Lumber Company, or as principal, is immaterial, as the defendant in error undoubtedly had the right to proceed against one or both of the parties to the note, and if the plaintiff in error occupied merely the relation of surety, she had her right of action against the lumber company if she desired to exercise it, and by reason of her failure to have summons issued and served on her cross-petition, she evidently did not desire to avail herself of such relief, if, in fact, it existed.

We, therefore, conclude, as heretofore stated, that the trial court took the proper view in the matter, and did not arbitrarily or unjustly exercise its discretion in denying the motion for continuance. This court has so often held that the granting or overruling of a motion for continuance is, in the absence of abuse of discretion, not ground for reversal, that we hardly deem it necessary to make any extensive citation of the authorities. See Columbia National Life Insurance Co. v. Wirthle, 73 Okla. 302, 176 P. 406; Moss v. Louderback, 159 Okla. 286, 15 P. (2d) 37; Exendine v. Iron, 153 Okla. 177, 4

P. (2d) 1035. Also numerous later cases found both in the Oklahoma Reports, and in the advance sheets.

Considering the length of time the case has been pending, the want of diligence on the part of the plaintiff in error in preparing for trial, the inherent weakness of the answer, the weakness of the affidavit of the physician concerning the condition of the patient, in this that he does not show that he was her regular physician, or that she had been under his care, or that of any doctor at all, until he was called to examine her and made the affidavit, and the evidence at the trial, we cannot say that there was any abuse of discretion on the part of the trial court in denying the continuance. We are aware of the rule that ordinarily the unavoidable absence of a party to a suit is ground for continuance, but there is no fixed rule, and its application is governed by the facts in any particular case, and we do not believe the plaintiff in error was seriously prejudiced by reason of not being able to be present at the trial.

The verdict of the jury establishes that the note sued upon was signed by the plaintiff in error, and is supported by competent and direct evidence as to her signature, and there is no specific denial by the plaintiff in error of her signature. The general denial standing alone, and the positive unmodified statement in the affidavit for continuance that she did not sign the note, would have presented a square question of fact for the jury. The testimony of the plaintiff in error is much weakened by the statement that if she signed it, she had no recollection of so doing, and that if she signed it, it was signed for the benefit of the George D. Hope Lumber Company, and in that event that she was a surety and not the original maker.

The payments made by the lumber company prevented the statute of limitations from running as to it, but it is contended that, because the plaintiff in error did not either make the payments or consent to them, the statute ran as to her, and bars the present action. The note contains the following provision:

"The makers and endorsers hereof hereby severally waive protest, demand and notice of protest and nonpayment, in case this note is not paid at maturity, and agree to all extensions and part payments before or after maturity without prejudice to the holder"

—and it appears to be well settled by this court that where a note contains such pro-

vision, payment by any of the parties will prevent the running of the statute as to the guarantor or endorser. Under the theory of the plaintiff in error that she was an accommodation endorser or guarantor for the lumber company, she would, nevertheless, be bound by the payments made by the principal. Fitzgerald v. Brady, 166 Okla. 21, 25 P. (2d) 1090; Schreiner. v. City National Bank of McAlester, 76 Okla. 76, 183 P. 905.

The trial court was right in holding adversely to the contention of the plaintiff in error in this regard.

A careful review of the evidence convinces us that there was no merit in the contention of the plaintiff in error, raised on the motion for new trial, as to misconduct of counsel. We do not find any conduct of counsel that was materially prejudicial to the plaintiff in error.

It is insisted that the court erred in rendering judgment awarding recovery for the attorney's fees provided for in the note, the jury not having included the attorney's fees in the verdict. This contention seems to be pretty fully answered by the case of Continental Gin Co. v. Sullivan, 48 Okla. 332, 150 P. 209, in which the court holds:

"Counsel also complains because the jury did not allow an attorney's fee of 10 per cent. on the amount found due as provided for in the notes. The contention, we think, is correct, and when the jury failed to allow this amount, it was the duty of the trial court to have done so. The amount was fixed and determined by the amount found due on the notes. * * *"

Futoransky v. Pope, 57 Okla. 755. 157 P. 905, decides that:

"Wherein a suit upon a promissory note, providing for 10 per cent., in addition to the amount due as an attorney's fee, the court did not submit the question of an attorney's fee to the jury, but directed them to find the amount of principal and interest due, it was not error for the court, in rendering judgment, to add 10 per cent. to the amount of the verdict as attorney's fee."

Kerr v. McKinney, 69 Okla. 88, 170 P. 685, decides that:

"When 10 per cent. attorney's fee is provided in a promissory note, if the jury fail to allow it, it is the duty of the trial court so to do, and this may be done by including the amount of such fee in the judgment proper, or by taxing such fee as a part of the costs."

We are not furnished with any decision of our own court to the contrary.

We are of the opinion, after careful review of the entire record, that the trial court reached a proper conclusion in the case, and the judgment of the lower court is in all things affirmed.

The Supreme Court acknowledges the aid of Attorneys J. H. Everest, W. L. Farmer, and Charles E. France in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. J. H. Everest and approved by Mr. W. L. Farmer and Mr. Charles E. France, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted, as modified.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS, WELCH, and CORN, JJ., concur.