### GADD v. EQUITABLE LIFE ASSUR. SOC.

(Circuit Court, S. D. New York. November 22, 1899.)

TONTINE LIFE INSURANCE POLICY — CONSTRUCTION — METHOD OF COMPUTING DIVIDENDS.

Where a life policy issued under a tontine savings fund plan provided that all surplus or profits derived from such policies of the same class as should not be in force at the date of the completion of the tontine dividend period should be apportioned equitably among those completing such period, and that the holder, provided the policy was then in force, might, at his election, withdraw in cash, in addition to its share of the accumulated reserve, the surplus "apportioned by the society" to such policy, the action of the society in making such apportionment cannot be reviewed by the courts, unless fraud or irregularity in its procedure is shown.

Arthur S. Luria and Ralph J. Moses, for plaintiff.

William B. Hornblower and Charles B. Alexander, for defendant.

WHEELER, District Judge. The policy in question was made subject to provisions as a part of the contract:

(1) That this policy is issued under the tontine savings fund plan, the particulars of which are as follows: (2) That the tontine dividend period for this policy shall be completed on the 15th day of May in the year eighteen hundred and ninety-nine. (4) That all surplus or profits derived from such policies on the tontine savings fund assurance plan as shall not be in force at the date of the completion of their respective tontine dividend periods shall be apportioned equitably among such policies as shall complete their tontine dividend periods. (5) That upon the completion of the tontine dividend period on May 15, 1899, provided this policy shall not have been terminated previously by lapse or death, the said George Gadd shall have the option either: First, to withdraw in cash this policy's entire share of the assets.— i. e. the accumulated reserve, which shall be seventeen hundred and eleven and $77/100$ dollars,—and, in addition thereto, the surplus apportioned by this society to this policy.

The complaint alleges that the defendant represented as an inducement to taking the policy that:

"Tontine savings fund policies are policies in which the excess of the premiums received over the claims by death and expenses remains with the society for ten or more years, to be accumulated for the sole benefit of the surviving members, among whom it is to be divided exclusively at the end of the stipulated time." "(15) That the total amount apportioned by the defendant to the plaintiff's policy is $1,711.77 for reserve and $847.08 as alleged portion of surplus, while the actual results shown by substitution of the actual experience of the company shows that, in addition to the reserve of $1,711.77, there had been actually earned by plaintiff's policy, as its portion of lapses, interest, etc., set forth in the preceding tabular statement, the further sum of $2,045.40 from these sources alone." "(18) That the defendant has violated

its contract with plaintiff, in that it has failed and refused to, equitably or otherwise, apportion to the tontine savings fund class all the profits accruing to said class, but has arbitrarily withheld over two-thirds of said profits, and apportioned the residue only in such manner that the plaintiff is deprived of the benefits of lapses occurring in the last year over an assumed rate of lapses which is less than the actual amount. (19) Plaintiff has demanded of the defendant that it comply with its contract to equitably apportion all the surplus, but the defendant, instead thereof, has only apportioned $847.08, while the true amount exceeds $2,045.40. (20) Plaintiff elects to withdraw his entire share of the assets of the defendant, and has so notified the defendant, but the defendant refuses to pay plaintiff any sum in excess of $2,558.85, while the sum actually due the plaintiff exceeds $3,757.17, to plaintiff's damage $5,000. Wherefore plaintiff demands judgment for the sum of five thousand ($5,000) dollars, with interest from May 25, 1899, together with the costs of this action."

Thus this action appears to be brought for the breach of an agreement that all the surplus derived from this class of policies should be apportioned equitably among this and other policies that had completed their tontine dividend periods, and that the plaintiff might withdraw, in addition to the accumulated reserve, the surplus apportioned by the defendant to this policy. The principal question is whether the plaintiff can in this action recover damages of the defendant for not including in the division all that may be shown to be such surplus. The ultimate agreement as to the amount he should have the right to withdraw, in addition to the accumulated reserve, was the surplus apportioned by the defendant to the policy. In Greef v. Assurance Soc., decided by the state court of appeals October 3d (N. Y.) 54 N. E. 712, the agreement there appears to have been that the policy, during its continuance, should be entitled to participate in the distribution of the surplus of this society by way of increase to the amount insured according to such principles and methods as might from time to time be adopted by the society for such distribution; and the complaint demurred to appears to have alleged that, according to the principles and methods adopted, there was a surplus applicable to the policy which would make the sum distributed to it $7,087.38 greater; but the demurrer was sustained. In Railroad Co. v. Nickals, 119 U. S. 296, 7 Sup. Ct. 209, 30 L. Ed. 363, there was to be a noncumulative dividend of 6 per cent. on preferred stock, in preference to any on common stock dependent on the profits of each particular year as declared by the board of directors, who declared in their report for one year "a net profit from the operations of the year of $1,790,620.71," but they declared no dividend on the preferred stock, and the preferred stockholders were held not entitled to share in these profits. The principles of those cases appear to cover this, and to show that the action of the body agreed upon in ascertaining the surplus cannot be reviewed in an action to recover the distributive share without showing fraud or irregularity in its procedure. While the complaint only alleges a refusal to pay any sum in excess of $2,558.85, as it sets up that the sum actually due exceeds $3,757.17, with an ad damnum of $5,000, the whole sum appears to be sued for, and a judgment for the defendant on this complaint might be a bar to the whole. In this view the demurrer must be overruled as to this undisputed amount, but it should be

without prejudice to a motion for leave to bring the money into court for the plaintiff, and have the demurrer sustained. Demurrer overruled as to undisputed sum of $2,558.85, without prejudice to motion for bringing that sum into court, and having demurrer sustained.