## GOURLEY v. NORTHWESTERN NAT. LIFE INS. CO.

No. 11921—Opinion Filed Sept. 25, 1923.

Rehearing Denied Nov. 20, 1923.

1. **Appeal and Error—Insufficiency of Petition—Objection on Appeal.**
The plaintiff in error may raise the question that the petition does not state facts sufficient to constitute a cause of action in favor of the plaintiff and against the defendant for the first time on appeal.

2. **Same—Invoking Harmless Error Rule.**
The defendant in error may raise the question on appeal for the first time for the purpose of invoking the aid of the harmless error doctrine in support of the judgment, if the wrongful application of the rule of law leading to the judgment or decision did not cast a greater burden on the adverse party than the application of the correct rule of law would have done.

3. **Same.**
A decision of law reached by the wrongful application of a rule of law is harmless if the application of the correct rule of law would have cast an equal burden upon the adverse parties.

4. **Pleading—Exhibits—Variance.**
If there is a variation between the allegations of the petition and the copy of the exhibit attached to the petition upon which the action is founded, the provisions and terms of the exhibit will control.

5. **Same—Action on Insurance Policy—Demurrer to Petition.**
A petition which alleges provisions of an insurance policy as a basis for plaintiff's right of recovery, contrary to the terms of the policy attached to the petition, or which are not supported by the provisions of the policy, is fatally defective and subject to demurrer.

6. **Insurance—Life Policy—Interest of Insured in Dividends.**
The right of the insured to receive payment of accumulated dividends from the insurance company creates the relation of creditor and debtor between the insured and the company.

7. **Same—Nature of Action to Recover Dividends.**
The action for recovery of such dividends is for debt, and not for an accounting.

8. **Same—Pleading.**
Whether or not the action is for debt or for an accounting is determined from all of the allegations of the petition, and not from the prayer of the petition alone, or the designation that may be given the action by the pleader.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Oklahoma County; Hal Johnson, Assigned Judge.

Action by William Gourley against the Northwestern National Life Insurance Company for accounting and judgment for the amount due. From a judgment in favor of the defendant for want of jurisdiction of the subject-matter, the plaintiff brings error. Reversed and remanded as to first cause of action and affirmed as to second cause of action.

S. A. Horton and A. R. Gourley, for plaintiff in error.

Ames, Lowe & Richardson, for defendant in error.

Opinion by STEPHENSON, C. The plaintiff commenced his action against the defendant upon an insurance policy, a copy being attached to the petition, for an accounting and judgment for the amount found due. A second action is based upon a contract, a copy of which is attached to the petition, entered into between McIlree and Grier, and the Commercial National Bank of Oklahoma City, as trustee for the benefit of certain persons for whom the first parties should write policies of insurance in the defendant company. An accounting is sought upon this contract and judgment for the amount found due. The defendant filed an amended answer to the petition in the nature of a plea to the jurisdiction of the court. The plea was sustained and the two causes of action were dismissed. From the action of the court, the plaintiff has perfected his appeal for review. It is urged by the plaintiff that the court has jurisdiction of the subject-matter and the power to grant the relief prayed for. The defendant seeks to uphold the action of the trial court upon the grounds (a) that the petition did not state a cause of action against the defendant; (b) that the court was without jurisdic-

tion to try the cause. Relating to the insurance policy the plaintiff bases his right to recover in the first cause of action upon the conditions of the policy (a) that the plaintiff agreed to and did pay annual premiums on the policy, which is known as a semi-tontine policy, dated December 28th, 1903, (b) with a provision that the dividends declared thereon should be placed in a separate fund during a ten year period, (c) that the policy holders who paid for ten years should be entitled to have paid to them from the particular fund a sum of money in proportion to the amount paid in as premiums; (d) the policy holders who failed to carry their policy, or died during the ten years, forfeited the unpaid sums to those living and paying the full ten years; (e) the accumulated fund is placed at interest and the sum total depends upon the amount of interest earned, the number of policies written in 1903, and the number of policy holders who pay the second premiums, and then lapsed their policy; (f) at the expiration of the ten years from 1903, the fund so accumulated must be distributed as above set forth.

The policy contained a profit-sharing feature in the following language:

"When this policy shall have been in force for ten years it will be credited with its distributed share of profits, as apportioned by the company, and a similar distribution of profits will be made at the expiration of every five-year period thereafter, while this policy remains in effect."

The further provisions of the policy are:

"1. That all profits so credited to this policy may be thereafter upon written request of the insured to the company, applied and used as follows: (a) May be withdrawn in cash or may be used in payment of future premiums on this policy; or, (b) may be credited to the insured subject to his order, to be increased with interest at the rate of 4% per annum, or may be used by the insured as a single premium, to purchase additional insurance for the whole term of life."

The policy in question provided for the payment to the beneficiary of the sum of $5,000 in the event of the death of the insured at any time within the first year of the life of the policy. The policy further provided that in the event of death within the third year, the beneficiary should receive the payment of $5,200. The policy thereafter continued to increase the amount of the death payment each year, to and including the tenth year. The latter provisions have no particular bearing on this case, except to show the marked difference between the provisions of the contract and the interpretation placed thereon by the

plaintiff in his pleading. If there is a variance between the petition and the copy of the instrument attached to the petition the terms of the exhibit will control. First Nat. Bank v. Jones, 2 Okla. 353, 37 Pac. 824; Bowker v. Linton, 69 Okla. 280, 172 Pac. 442.

The petition refers to the policy sued on as a semi-tontine policy. The distinctive features of a tontine policy are: That the dividends of a certain group of policies shall be collected and placed into a particular fund during a given number of years, and distributed to the policy holders at the expiration of the time named. The years during which the fund is accumulated are known as the tontine period. Those who die or lapse their policies lose the benefit of the accumulated dividends, which go to the benefit of those who completed the tontine period. Uhlman v. N. Y. Life Ins. Co., 109 N. Y. 421, 4 Amer. St. Rep. 482; Pierce v. Equitable Life Ins. Society (Mass.) 12 N. E. 858.

The policy sued on gives the beneficiary the advantage of the accumulated dividends in the event of the death of the insured during the premium paying period of the ten years. The contract sued on is not what is known as a tontine policy. It makes little difference whether the plaintiff calls it a tontine policy or not, or whether in fact it is such a policy. It is the terms of the contract that create the rights and liabilities between the parties, and not the name that may be given to the instrument by the pleader. Under the terms of the policy attached to the petition, if during the ten year period the defendant has been able to save any sum or sums of money out of premiums paid in like amount, for like risk, the saving is defined as profits by the terms of the policy. If there has been an accumulation of savings by the defendant, from the premiums paid by the plaintiff on his policy, during the ten-year period, the plaintiff is entitled to recover the same by the provisions of the policy. Proof of earnings by the company on the insurance that it wrote during the period of time in question might not be proof of earnings on the class of policies to which the plaintiff's policy belongs. In order to entitle the plaintiff to recover earnings on the policy attached to his petition, it would be incumbent upon the plaintiff to show by competent evidence that the defendant was able to save a certain portion from the premiums paid on his policy. In other words, the inquiry is whether or not the defendant was able to carry the risk of plaintiff, and similar risks, for the premiums

paid for such risks, with a saving therefrom to the policy holders. What is termed earnings or dividends on the policies is more in the nature of a saving from premium. If the defendant was able to accumulate a saving or dividend on the policy in question, the act created the relation of debtor and creditor between the parties. The action, if any, would be for debt. Everson v. Equitable Life Assurance Co., 71 Fed. 570.

The plaintiff's action is not for an accounting, because it is wanting in the necessary allegation to make it a cause of action for an accounting. It is the substance of the pleading that determines the action, and not the name that may be given the action by the pleader. The action is for debt, in which the plaintiff assumes that an amount of money is due from the defendant to the plaintiff, with a prayer that defendant be required to show the amount due in order that judgment may follow. The burden is on the plaintiff to prove his cause of action by the rule ordinarily prescribed in like actions. In other words, the burden is on the plaintiff to prove by a fair preponderance, by competent evidence, that the defendant is indebted to the plaintiff, and the amount thereof. The plaintiff did not state a cause of action, as the provisions of the policy sued on contradict and overturn the allegations of the petition. The provisions and conditions pleaded in the petition are not found in the insurance policy. The action, if any, as disclosed by the insurance policy, is for debt. Therefore, the court had jurisdiction to hear the cause between the parties, and it was error to dismiss the action for want of jurisdiction of the subject-matter. It is true that the failure of the petition to state a cause of action may be raised for the first time in this court on appeal. Grissom et al. v. Beidleman et al., 35 Okla. 343, 129 Pac. 853. But it is the right of the appellant to raise this question when judgment has gone against him on the petition, and only the right of the defendant in error when it is proper to invoke the doctrine of harmless error to support the judgment of the trial court. A decision of law reached by the wrongful application of a rule of law is harmless when the application of the correct rule would have cast an equal burden upon the adverse party. The rule of law in cases of want of jurisdiction was applied in the trial court, which resulted in a dismissal. The defendant seeks to sustain the ruling by showing that the petition failed to state a cause of action. If this error had been urged in the trial court, and had been sustained, the ruling might have carried with it the right of plaintiff to amend his petition. To sustain the ruling of the trial court on the question of the want of jurisdiction, on the ground that the ruling was harmless error, because the petition did not state a cause of action, might cast a greater burden upon the adverse party, than he should bear. The question of plaintiff's right to amend his petition at some future time is not before us in this case, and is not passed upon. If the plaintiff should have the right to amend his petition for recovery of any savings, or dividends made or accumulated on the policy sued on herein, the plaintiff would not have the legal right to question the amount of savings or dividends, applied or set aside on the policy by the defendant, on the ground of mismanagement, except in a proper action based upon sufficient allegations of fraud in the management of the affairs of the company. Hunter v. Roberts, Thorpe Land Co. ( Mich.) 47 N. W. 131; Peters v. Equitable Life Assurance Society (Mass.) 86 N. E. 885; Everson v. Equitable Life Assurance Society (Fed.) supra; Gadd v. Equitable Life Assurance Society, 97 Fed. 834.

Passing to the consideration of the dismissal of the second cause of action, based upon the contract between McIlree and Grier, who were the general agents of the defendant until 1906, and the trustee, it is sufficient to say that the contract was the personal obligation of the first parties, who undertook to assign certain portions of their commission on business written by them in Oklahoma and Indian Territory for the defendant. The commissions were the personal property of the first parties, and they had the right to make such disposition of the commissions as they desired. If McIlree and Grier have breached any rights owing to the plaintiff, his right of action is against them, and not this defendant. The petition did not state a cause of action against the defendant on the second cause, and it is apparent that no amendment could be made to render the defendant liable thereon to the plaintiff. Therefore, the plaintiff has not suffered injury to his rights by the dismissal of the second count, for want of jurisdiction, even though it was technical error.

It is, therefore, recommended that the judgment of the trial court be reversed as to the first cause of action, based on the contract of insurance, and affirmed as to the dismissal of the second count on the written contract.

By the Court: It is so ordered.