### CUETARA HERMANOS et al. v. ROYAL EXCHANGE ASSUR. CO.

Circuit Court of Appeals, First Circuit.
December 27, 1927.

No. 2156.

Insurance ⊜⟶553(1)—Policy held avoided under its terms by making of false and fraudulent claim in proof of loss and evidence.

Proof of loss under a fire policy, and evidence given in its support, *held* false, and the amount claimed so excessive as to establish fraud, which avoided the policy under its provisions.

In Error to the District Court of the United States for the District of Porto Rico; Ira K. Wells, Judge.

Action at law by Cuetara Hermanos and Eudosio, Miguel, and Manuel de la Cuetara against the Royal Exchange Assurance Company. Judgment for defendant, and plaintiffs bring error. Affirmed.

Henry G. Molina, of San Juan, Porto Rico, for plaintiffs in error.

Carroll G. Walter, of New York City (Henri Brown, of San Juan, Porto Rico, on the brief), for defendant in error.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

BINGHAM, Circuit Judge. This is an action upon a policy of fire insurance covering plaintiff's stock of shoes, in which they seek to recover the sum of $20,954.75, with interest; that being the sum claimed to be due them under the policy, after deducting its proportion of the net value of the property salvaged. The action was brought in the federal District Court for Porto Rico. The plaintiffs are a partnership, subjects of the king of Spain, residing in Porto Rico. The defendant is a corporation organized under the laws of England, where it is domiciled. The amount involved exceeds the sum of $3,000, exclusive of interest and costs. The plaintiffs on the 5th day of August, 1925, procured from the defendant the policy in-

suring them against loss or damage by fire in the sum of $25,000 upon their stock of shoes located in a two-story building in San Juan, Porto Rico. The policy was to run from August 5, 1925, to 4 p. m. of August 5, 1926. In addition to this insurance, they had other insurance upon the same stock of shoes, amounting to $40,000. In their complaint the plaintiffs allege, among other things, that on November 18, 1925, their stock of goods was destroyed by fire, except as to the portion salvaged, of the net value of $8,090.51, and that the loss sustained by the fire was at least $71,822.45, less the net value of the salvage ($8,090.51), or $63,731.94.

The defendant admitted the making of the contract and that on November 18, 1925, while the policy was in force, a part of the stock of shoes was destroyed, and a part damaged, and that the net value of the part salvaged was $8,090.51, but denied that the proximate cause of the loss and damage was fire. It alleged that the loss and damage was caused by an explosion of some fluid or gas, other than gas for illuminating purposes or domestic use, and that a loss or damage due to such an explosion was a cause excepted as a risk insured against by article 7 of the policy. It denied that the true and actual value of the stock insured and the damage sustained was $71,822.45, less the net value of the merchandise salvaged.

After admitting that the plaintiffs had additional insurance aggregating $40,000, that they seasonably notified the defendant of the loss, and, within the time prescribed by the policy, filed with the defendant their proof of loss, the defendant denied that the plaintiffs complied with the other conditions of the policy to be by them performed and that, on the contrary, they had failed to comply with certain of the conditions, undertakings, and warranties contained in the policy, and alleged (a) that at the time of taking out the policy they misrepresented the value of the stock of shoes insured, by representing it to be in excess of $55,000, when the true value was less than one-half that sum, in violation of condition No. 1 of the policy; (b) that on November 18, 1925, when the loss and damage occurred, there was a quantity of highly inflammable explosive chemicals stored, with plaintiff's consent, in the upper story of the building where the greater part of the stock of shoes was stored; that defendant had no knowledge that the chemicals were in the building until after November 18, 1925; that plaintiffs at no time informed the defendant of this, and did not obtain the defendant's consent to store the chemicals there;

although the risk of loss by fire was greatly enhanced by their presence; that, if the chemicals were stored in the building prior to the date of issuance of the policy, the failure of the plaintiffs to notify the defendant of that fact constituted a violation of condition No. 1 of the policy; and if they were stored there after the issuance of the policy the plaintiffs, in allowing them to be stored there without the defendant's knowledge and permission, violated article 8 of the conditions of the policy; (c) that the plaintiffs failed to comply with the covenant and warranty contained in the iron safe clause of the policy, by failing to keep a set of books containing a complete record of the business transacted by them, particularly a book showing sales and disposition of merchandise and to produce such books for inspection by the defendant, and, by reason thereof, that the policy became null and void; and (d) that, in the proof of claim filed with the defendant, the plaintiffs stated that on November 18, 1925, the stock of shoes insured was worth in excess of $55,000, less $4,000; that said proof of claim was fraudulent, in that the true value of the stock of shoes at that time did not exceed $25,479.72, and that plaintiff's total loss did not exceed $12,389.21, and its proportional loss not in excess of $5,631.50, instead of $25,000 as claimed; that said false and fraudulent claim was in violation of article 13 of the conditions of the policy, and worked a forfeiture of all benefit under the policy.

There was a trial by jury, and at the close of all the evidence the defendant requested the court to direct a verdict in its favor on the grounds that from all the evidence no other conclusion reasonably could be drawn (1) than that an explosion preceded the fire, as there was no evidence that the explosion was caused by an antecedent hostile fire, and, such being the case, the loss was due to an explosion, a cause or risk expressly excepted in the policy; (2) than that plaintiffs knowingly and intentionally overstated in their proof of loss the value of the property destroyed in an amount exceeding $16,000, and likewise overstated the amount of merchandise destroyed; (3) than that the plaintiffs knowingly and intentionally testified falsely that there was, at the time of the fire, in the insured stock at least 5,000 pairs of shoes more than the stock actually contained, and to a value of the stock grossly in excess of its true value; (4) than that the claims made by the plaintiffs were fraudulent, and that false declarations were made and used in support thereof in viola-

tion of article 13 of the policy; (5) than that there was no substantial evidence from which the amount or the value of the property destroyed could reasonably be found; and (6) than that some explosive increasing the risk or hazard of fires was in the building, which fact was not communicated to the defendant, nor its consent to the keeping of such explosive obtained.

The District Court granted the motion on the first, second, third, and fourth grounds above stated and directed the jury to return a verdict for the defendant, which was done subject to the plaintiffs' exception. Thereafter judgment was entered and this writ of error prosecuted.

The errors assigned are in substance that the court erred in directing the jury to return a verdict for the defendant as to all or any of the grounds above stated upon which the motion was granted.

The conditions of the policy relied upon in support of the grounds upon which the verdict was directed are as follows:

"Article 7. Unless otherwise expressly stated in the policy the insurance does not cover * * * (h) loss or damage occasioned by explosion; but loss or damage by explosion of gas used for illuminating or domestic purposes in a building in which gas is not generated, and which does not form part of any gas work, will be deemed to be loss by fire within meaning of this policy.

"Article 13. If the claim be in any respect fraudulent, or if any false declaration be made or used in support thereof, or if any fraudulent means or devices are used by the Insured or any one acting on his behalf to obtain any benefit under this policy—all benefit under this policy shall be forfeited."

The policy also contained the usual iron safe clause and the conditions referred to as No. 1 and article 8, but we do not find it necessary to reproduce them, as they do not apply to the grounds upon which the motion was granted.

The first question presented is whether on the evidence reasonable men could reach any other conclusion than that the proximate cause of the loss was an explosion and not a fire. If there was any substantial evidence from which the jury might find the cause of the loss was a fire, the granting of the motion so far as this ground is concerned cannot be sustained.

It appeared in evidence that the store where the merchandise was housed was situated on San Justo street, in San Juan, adjoining the building at the junction of that street with Allen street. And the first wit-

ness, called with relation to the fire was a police officer, who at the time in question was attending to traffic duty at the junction of these streets, and within view of the building where the merchandise was stored. He testified that he knew of the fire that took place in the plaintiffs' establishment; that the first notice he had was seeing the smoke and flames; that the first thing he heard was a muffled sound like an explosion, and also heard glass fall; that he went to the building and entered it; that the fire was in the elevator, coming out around the switch; that the fire started on the lower floor and worked up; that the electric wires were broken at the switch and were burning, the fire running up the wires.

There was other evidence from different witnesses. They testified the first thing that attracted their attention was an explosion; but it does not appear, if the fire preceded the explosion, they were in a position to have seen it. Consequently, as the only witness who could have seen the fire testified that the first notice he had was seeing the smoke and flames, and as the muffled sound like an explosion which he says he heard might have been later, it was for the jury to say whether the fire preceded the explosion, or vice versa. The direction of the verdict on this ground was improper.

The second, third, and fourth grounds, upon which the motion was granted, are of the same nature and effect—that the plaintiffs falsely and fraudulently overstated the value and the amount of the merchandise destroyed in their proof of loss and in their testimony at the trial; that they overstated the value in a sum exceeding $16,000, and overstated the amount of the stock by at least 5,000 pairs of shoes. The plaintiffs' inventory of the stock on hand February 28, 1925, and the books of account, disclosing the transactions of the firm in the way of purchases, sales, and shipments from the date of the inventory to the date of the fire, apparently complied with the requirements of the iron safe clause of the policy. The figures contained in the books of account and the inventory, taken in connection with the testimony of plaintiffs' witnesses apparently showed that the value of all the shoes on the upper and lower floors of the store at the time of the fire was $71,-822.45; that the shoes on the first or lower floor were not burned, though damaged by water; that their agreed salvage value was $8,090.51; and that the loss was apparently $63,731.94.

The defendant, however, says that this evidence of the plaintiffs, when properly analyzed, shows that during the period from February 28, 1925 (the date of the inventory), to the date of the fire (November 18, 1925), the plaintiffs received at their store 69,995 pairs of shoes; that they had sold on credit during this time 46,829 pairs, for $50,090.10, and, estimating the number of pairs sold for cash ($2,270.43) at 1,626 pairs (which is a liberal estimate, in view of the average price per pair of $1.0696 received on the credit sales), they sold in all 48,455 pairs, which, taken from the 69,995 pairs, left 21,540 pairs actually in the store at the time of the fire; that the number of pairs found on the lower floor and salvaged was 10,287 pairs (all the shoes on that floor were salvaged), which, being deducted, leaves 11,253 pairs of shoes that were totally destroyed, and which were on the upper floor; that the average price per pair of the 16,428 pairs of special shoes claimed by the plaintiffs to have been among the shoes on the upper floor at the time of the fire, and valued by them at $51,835.07, was $3.155, and the average price per pair for the remaining shoes (3,251 pairs), claimed by plaintiffs to have been on the upper floor, and valued at $6,503.19, was $2 per pair or less; and that, figuring the 11,253 pairs actually on that floor at their average price of $2.577 per pair, the actual loss was $29,058.98, plus $5,-393.68, the difference between the actual value of the shoes on the lower floor ($13,484.19) and their agreed salvage value ($8,090.51), or $34,452.66, instead of $63,731.94, as claimed—a difference of substantially $30,-000. In other words, that the claim made in the proof of loss and in the evidence at the trial is not only false, but so grossly excessive as to value that no other conclusion could be drawn than that it was knowingly and fraudulently made.

The plaintiffs' evidence, when analyzed from the standpoint of the amount or number of pairs of shoes, also shows that the plaintiffs overstated the number of shoes lost by the fire by at least 8,426 pairs, if not more.

We are of the opinion that the claim made either in the proof of loss or in the evidence at the trial was false and so excessive, whether viewed from the standpoint of value ($29,279.28 in excess) or of amount (8,426 pairs in excess), that the District Court did not err in directing a verdict for the defendant on this ground.

The judgment of the District Court is affirmed, with costs to the defendant in error.