## EXENDINE et al. v. IRON et al.

No. 20426. Opinion Filed Oct. 6, 1931.

Rehearing Denied Nov. 24, 1931.

Wilson & Duncan, for plaintiffs in error.

A. B. Campbell and J. C. Cornett, for defendants in error.

ANDREWS, J. This is an appeal from a judgment of the district court of Osage county in favor of the defendants in error and against the plaintiffs in error.

A. S. Sands, the executor of the estate of Wy-e-gla-in-kah, deceased, as such executor, filed a petition in the district court of Osage county against A. A. Exendine, as the executor of the estate of Wah-kon-tah-he-um pah, deceased, and H. H. Brenner, a surety on his bond, for the recovery of a money judgment for the sum of $9,250.42. The defendants therein demurred to the allegations of the petition, and when their demurrer was overruled they filed an answer. Upon the application of the plaintiff, Wakon Iron and Raymond Redcorn were substituted as plaintiffs by order of the court. The plaintiffs filed a motion for a judgment on the pleadings and the defendants filed a motion for a continuance in order that they might amend their answer. The motion for a continuance was denied and judgment on the pleadings in favor of the plaintiffs and against the defendants was rendered by the court. From that judgment the defendants appealed to this court.

The parties hereinafter will be referred to as plaintiffs and defendants.

The defendants contend that their demurrer to the plaintiffs' petition should have been sustained for the reason that the petition failed to state facts sufficient to state a cause of action against the defendants or either of them. They contend that the petition was "fatally defective in this, that it wholly failed to allege that there had been a settlement and final accounting by the defendant, Exendine, as executor of the estate of Wah-kon-tah-he-um-pah, deceased, and that a decree of the county court had been made thereon and entered, showing a balance due." They admitted that the petition "inferentially" alleged such a settlement and decree and contend that the journal entry of judgment of the county court (Exhibit "C" referred to in the petition) shows that the order of the county court was made on "a supplement to a final report" and not on a "final report," as required by the statute and as pleaded in the petition, and that this is a fatal variance in which the exhibit controls.

That the exhibit controls over the allega-

tions of the petition where there is a conflict therein, is definitely settled by the decisions of this court. Burks et al. v. American Nat. Bank, 89 Okla. 62, 213 P. 301; Gourley v. Northwestern Nat. Life Ins. Co., 94 Okla. 46, 220 P. 645.

The petition reads, in part, as follows:

"Plaintiff states that there has been a violation and breach of the conditions of the aforesaid bonds in this, to wit: Said defendant Exendine has failed to faithfully execute the duties of his office and trust as such executor according to law in that it became and was his duty after the issuance of the above commission to him to receive and collect funds belonging to the aforesaid estate and to disburse the same to the persons entitled thereto upon a final settlement of such estate.

"That on the 18th day of April, 1928, the honorable judge of the county court of Osage county, Okla., heard and considered the final report of the said Exendine as executor, and after a hearing had thereon the aforesaid judge approved said report and said defendant Exendine was ordered and directed by said court to pay to plaintiff as executor of the estate of Wy-e-gla-in-kah, the balance of the funds remaining in his hands as shown by such report amounting to $10,355.52. A true and correct copy of the aforesaid order and judgment is hereto attached marked exhibit 'C' and made a part hereof."

We think that those allegations were direct and that they were sufficient as against a demurrer, unless there is something in the exhibit pleaded as exhibit "C" to the contrary. The allegation of the petition was that the "final report" of the executor was heard and considered by the county court. A supplement to a final report is authorized by the provisions of section 1359, C. O. S. 1921, and is in itself a final report, in the absence of a subsequent report.

The name given an instrument is of no effect. Hocker v. Rackley, 90 Okla. 83, 216 P. 151; Horstman v. Bowermaster, 90 Okla. 262, 217 P. 167; Stoner v. Weiss, 96 Okla. 285, 222 P. 547.

The exhibit pleaded as a part of the petition shows that the order of the county court was based on the report supplemented as well as on the supplement thereto, and that it was not based on the supplement thereto alone. That order recites:

"The court further finds that there is now due from A. A. Exendine as executor the sum of $10,355.52, and that said executor now has in his possession and under his control and ready for distribution the sum of $1,150.10; that said executor is unable to account for the sum of $9,250.42 for which amount he and his bondsmen, H. H. Bren-

ner and A. N. Ruble, dec'd., are jointly and severally liable"

—and directs that the sum therein found to be due from the executor should be paid to A. S. Sands as executor. The order is in compliance with the provisions of section 1360, C. O. S. 1921.

There is nothing in Re McGannon's Estate, 50 Okla. 288, 150 P. 1109, to the contrary. That case involved an appeal from an order affecting an account and there was therein no collateral attack on a judgment of a county court as is sought to be made herein.

The fact that the order of the county court was denominated "journal entry" rather than "order" or "decree" is immaterial.

A decree of a county court, determining the amount due, is essential to the maintenance of an action on an executor's bond. Pennington v. Newman, 36 Okla. 594, 129 P. 693. Such a decree was pleaded by the plaintiffs in the body of their petition and such a decree was shown by the exhibit attached thereto. The petition stated a cause of action and there was no error in overruling the demurrer of the defendants thereto. Shaffer Oil & Ref. Co. v. Thomas, 120 Okla. 253, 252 P. 41.

The defendants contend that their answer presented a triable issue of fact, but an examination of the answer discloses that the only issue of fact presented thereby was the correctness of the finding and judgment of the county court, which, under our practice, was a collateral attack on a judgment of a county court. There is no allegation in the answer that the county court was without jurisdiction of the subject-matter or of the person or that it did not have jurisdiction to make the particular order made. The record pleaded by the plaintiffs, on its face, shows jurisdiction to make the same.

The unverified general denial did not put in issue the judgment of the county court shown by the petition (section 287, C. O. S. 1921) and there was no plea of payment of the amount determined by the county court to be due. There was no triable issue of fact presented by the pleadings and the trial court could do nothing else than render a judgment on the pleadings in response to the motion of the plaintiffs.

In Boudinot v. Locust, 55 Okla. 662, 151 P. 579, 155 P. 698, this court held:

"The sureties upon an administrator's bond are, in the absence of fraud, concluded by the decree of the county court, duly rendered upon a final settlement and accounting by their principal, as to the amount of the principal's liability, although the sureties on the bond are not parties to the accounting"

—and said:

"The judgment, being final, is conclusive in this action, not only as to the administrator, as principal, but also as to the sureties on his bond. The current of authorities is almost unbroken that final settlements of the administration, when made by an executor or administrator in pursuance of statutory requirements, are conclusive as to all matters therein directly adjudicated."

Therein this court quoted from Judge Woerner in his work on the American Law of Administration, section 255, stating the general rule as follows:

"The liability of a surety on an administrator's bond is coextensive with the liability of the principal in the bond. The refusal or neglect of the principal to obey or comply with the judgment or decree of a court of competent jurisdiction constitutes a breach, rendering the sureties liable, and they are bound and concluded by such judgment against the principal, unless, of course, there was collusion or fraud between the principal and those who seek satisfaction out of the sureties, which must be established in a direct proceeding."

The defendants' answer was a collateral attack on a judgment of a county court. That judgment may not be attacked collaterally. Johnson v. Petty, 118 Okla. 178, 246 P. 848.

The defendants contend that their application for a continuance should have been granted. The record shows that the demurrer of the defendants to the petition of the plaintiff was overruled on September 4, 1928; that on that day the defendants were given 20 days in which to answer; that on September 17th they were given 20 days additional in which to answer, and that on October 6th they were given ten days additional in which to answer, and that on October 16th they were given ten days additional in which to answer. The leniency of the trial court shown thereby must be considered in determining whether or not there was an abuse of discretion on the part of the trial court in denying the application for continuance. The application for continuance recited as a reason therefor that the journal entry of judgment of the county court, as pleaded by the plaintiffs, was incorrect in that the findings and order therein did not truthfully state the judgment of the county court; that the executor was represented in the county court by other attorneys; that the attorneys for the executor in the present case "were not in-

formed and advised of the incorrectness, inaccuracy and untruthfulness of the journal entry of judgment of the county court of Osage county * * * until the 26th day of January, 1929, and that the defendants now desire to file in the county court in the matter of the estate of Wah-kon-tah-he-um-pah a motion to have said journal entry of judgment corrected to speak the truth, and to recite the correct order and judgment of the county court." It was stated that, if the cause was stricken from the assignment and continued, the defendants would immediately file such a motion in the county court with a view of having the journal entry of judgment of the county court corrected to speak the truth and that, upon the correction of that journal entry, the defendants would prepare and file an amended answer in this action. This court cannot say that there was an abuse of discretion on the part of the trial court in denying a continuance on those grounds, in the absence of a showing that the county court would have made an order different from that theretofore made after the expiration of the time provided for an appeal from the order theretofore made.

"Applications for a continuance are addressed to the sound discretion of the trial court, and, unless it is clearly apparent that the discretion has been abused, this court will not interfere and grant a new trial or reverse the cause therefor." Columbian Nat. Life Ins. Co. v. Wirthle, 73 Okla. 302, 176 P. 406.

In the absence of an allegation of fraud or collusion in procuring a final order of the county court settling the account of the executor and directing the payment of the amount found due from him, the trial court was authorized to render a judgment on the pleadings in favor of the plaintiffs, under the authority of Mires v. Hogan, 79 Okla. 233, 192 P. 811, in which it was held:

"The district court has inherent power to render a judgment on the pleadings without a motion by either party.

"A judgment on the pleadings is rendered, not because of the lack of evidence or proof, but because of a lack of issue of fact. If the pleadings present no material issue of fact, then it becomes a question of law as to which party is entitled to judgment."

The judgment of the trial court is affirmed.

LESTER, C. J., CLARK, V. C. J., and RILEY, HEFNER, SWINDALL, McNEILL, and KORNEGAY, JJ., concur. CULLISON, J., absent.

Note.—See under (8) 2 R. C. L. 219; R. C. L. Perm. Supp. p. 388.