**J. V. HOSTUTLER, Plaintiff in Error,**

v.

**The STATE of Oklahoma on Relation of the COMMISSIONERS OF THE LAND OFFICE of said State, Defendant in Error.**

**No. 37284.**

Supreme Court of Oklahoma.

Oct. 23, 1956.

E. Blumhagen, Watonga, for plaintiff in error.

R. H. Dunn, A. M. DeGraffenried, N. A. Gibson, Oklahoma City, for defendant in error

HALLEY, Justice.

The parties will be referred to as they appeared in the trial court.

On the 11th day of August, 1922, the defendant J. V. Hostutler and his wife, long since deceased, executed a note to the Commissioners of the Land Office secured by a mortgage on certain land in Custer County, Oklahoma. The defendant became delinquent in his payments to the plaintiff. Suit was brought in Custer County for a judgment on the note and to foreclose the mortgage securing the same. On the 19th day of December, 1932, a personal judgment was rendered against the defendant for $4,196.48, an attorneys fee of $250, court costs and for foreclosure of the mortgage. No appeal was taken from this judgment. On May 26, 1936, the land was ordered sold. On November 20, 1944, the sale was confirmed. The plaintiff was the purchaser for the sum of $3,500, which amount was applied on the judgment of the plaintiff. On December 21, 1953, the plaintiff brought suit in the District Court of Blaine County, Oklahoma, for the amount due on the judgment in Custer County. Service was had on the defendant and issues joined. On December 2, 1955, the case was tried to the court without a jury and judgment was rendered against the defendant in favor of the plaintiff for the sum of $4,181.51, together with interest upon the sum of $1,522.55 at the rate of ten per cent per annum from December 16, 1953, until paid and for the additional sum of $250 attorneys fee and for all costs of the action. Defendant has appealed.

The defendant makes three contentions on his appeal. His first is that judgment was taken for a larger amount than was alleged to be due in the petition. However, the judgment conformed to the amount shown to be due in the exhibits to the petition. It has long been the rule in this Court that where a suit is based on the exhibits and there is a discrepancy between the allegations in the petition and the exhibits, the exhibits control. First National Bank of Arkansas City v. Jones, 2 Okl. 353, 37 P. 824; Mason v. Slonecker, 92 Okl. 227, 219 P. 357; Gourley v. Northwestern National Life Ins. Co., 94 Okl. 46, 220 P. 645.

For his second contention the defendant urges that the trial court erred in admitting incompetent evidence offered by plaintiff. This evidence was in the form of exhibits which were designated as plaintiff's exhibits E, F, G, and H. Exhibits E and F were copies of ledger sheets in plaintiff's office. Exhibit G was a statement prepared by the auditor of the Commissioners of the Land Office who had charge of all records of the office with reference to loans. Exhibit H was the original summons served on defendant in the Custer County case. These exhibits could have been helpful to the judge who tried the case and were in no way prejudicial to defendant. Certainly their admission could only be harmless error. See Section 78, 12 O.S.1951, and Mid-Continent Petroleum Corporation v. Fisher, 183 Okl. 638, 84 P.2d 22.

The defendant's third ground for reversal was the trial court erred in not permitting the defendant to testify about an agreement he had with counsel for plaintiff to the effect that if defendant would not object to the appointment of a receiver of the property that he would bid the full amount of the judgment on foreclosure sale and no deficiency judgment would be

taken against the defendant. There was no error in the court's action in this regard. The attorney had no authority to make such an agreement. There is no approval of such an agreement by the Commissioners of the Land Office. There is serious doubt whether the Commissioners could approve such an agreement. A quite similar situation existed in State ex rel. Commissioners of Land Office v. Frame, 200 Okl. 650, 199 P.2d 215. There it was held that the Secretary to the Commissioners of the Land Office had no authority to accept a warranty deed in settlement of an indebtedness. See also, Article V, Section 53 of the Oklahoma Constitution and State ex rel. Commissioners of Land Office v. Weems, 197 Okl. 106, 168 P.2d 629.

The judgment appears to be in accordance with the evidence and it is affirmed.

JOHNSON, C. J., WILLIAMS, V. C. J., and CORN, BLACKBIRD, JACKSON and CARLILE, JJ., concur.