**TRANSPORTATION INSURANCE COMPANY, a foreign corporation, Appellant,**

v.

**Opal M. HAMILTON, doing business as Opal M. Hamilton Fashions, Appellee.**

**No. 7083.**

United States Court of Appeals
Tenth Circuit.

April 9, 1963.

Rehearing Denied May 21, 1963.

Walter D. Hanson, Oklahoma City, Okl. (William L. Peterson, Jr., Oklahoma City, Okl., was with him on the brief), for appellant.

John Chiaf of Cargill, Cargill & Chiaf, Oklahoma City, Okl. (John Embry of Miskovsky, Sullivan & Embry, Oklahoma City, Okl., was with him on the brief), for appellee.

Before BRATTON, LEWIS and HILL, Circuit Judges.

HILL, Circuit Judge.

This diversity action was commenced below by appellee, Opal M. Hamilton, against appellant, Transportation Insurance Company, to recover upon a fire insurance policy covering a stock of merchandise and the furnishings and fixtures used in connection therewith. After issue, the trial court appointed a Special Master to take the evidence and make findings of fact and conclusions of law. A lengthy hearing was had before the Special Master and he made and filed his report to the court, finding generally in favor of Hamilton. After hearing appellant's objections to the report, the lower court overruled the objections and entered its order confirming, ratifying and adopting the findings of fact, conclusions and recommendations of the Special Master and entered a judgment in favor of appellee accordingly. The appeal is from that judgment.

It is agreed by the parties that the fire insurance policy sued upon was in full force and effect on the date of the fire, that a fire occurred and that appellee suffered a loss to her stock of merchandise and store furnishings and fixtures from fire, smoke and water.

Appellant urges 11 points for reversal of the judgment below, but actually all of such points concern the sufficiency of the evidence to support the findings of fact made by the Special Master. Therefore, it is not necessary to treat each of appellant's points separately. We will consider the sufficiency of the evidence generally to support the findings of fact and judgment.

The undisputed facts reveal that, immediately after the fire, appellant, with the consent of appellee, employed Underwriters Salvage Company to make an inventory of the stock of merchandise, as it existed prior to the fire. An inventory of the furnishings and fixtures was made by the insurance adjuster for appellant. Most of appellee's books and records, including the original invoices, had been destroyed by the fire. The merchandise was divided into lots or categories for listing on the inventory. The identity of the various items was established by the price tags upon the identifiable items and price tags recovered from the debris. In the end, an accurate listing of the merchandise must have been made, as neither party questions the accuracy of the inventory, insofar as the items are shown thereon. From the same price tags the retail price of each item was determined and shown upon the inventory. Neither party makes any complaint about the correct-

ness of this portion of the inventory. The aggregate retail sales price of all items shown upon the inventory of merchandise was $31,377.20. An inventory of furnishings and fixtures was also made and there appears to be no controversy concerning the specific items shown thereon.

We have carefully read and considered the voluminous record and all of the many exhibits admitted into evidence by the Special Master. It is purely a fact case, with the greater weight of the evidence in favor of the appellee, and we find little merit to any of the many contentions made by appellant.

The trial court's findings of fact are presumptively correct and should not be set aside, unless clearly erroneous. Rule 52, F.R.Civ.P., 28 U.S.C.A. This rule applies to findings of fact made by a Special Master and adopted by the trial court.[1] At the outset, the burden of proof was upon the insured to establish the reasonable value of the property in question.[2]

The Oklahoma statute, relating to standard fire insurance policy forms, requires that the policy contain a fraud and false swearing provision.[3] A willful and intentional breach of this provision by the insured, as to a material matter, in the proof of loss will avoid the policy or vitiate the insurance contract.[4] The claimed breach of the fraud provision of the policy is an affirmative defense, and it is incumbent upon an insurer to prove by a fair preponderance of the evidence that the policy in question has been voided by the insured's misconduct in breaching the fraud or false swearing provision of the policy.[5] In order to work a forfeiture of, or avoid, the insurance policy, the alleged concealment, fraud, misrepresentation or false swearing must be willful and with the intent to deceive or defraud the insurer.[6] Where an insured knowingly and willfully over-estimates the value of the property destroyed in his proof of loss, with the intention to deceive the insurer, the policy is voided and the insured's right to recover thereon is defeated.[7] However, mere mistake, inadvertence or a good faith belief as to the value of the insured property will not sustain a charge of fraud or false swearing.[8] As the Supreme Court said in Jose Rivera Soler & Co. v. United Firemen's Ins. Co.,

1. H. F. Wilcox Oil & Gas Co. v. Diffie, 10 Cir., 186 F.2d 683; 5 Moore's Federal Practice (2nd Ed.), § 52.03 [4], p.p. 2635–2636.

2. Buffalo Insurance Company v. Amyx, 10 Cir., 262 F.2d 898.

3. 36 Okl.Stat.Ann. § 4803, provides that all fire insurance policies issued in Oklahoma shall contain the following clause: "This entire policy shall be void if, whether before or after a loss, the insured has wilfully concealed or misrepresented any material fact or circumstance concerning this insurance or the subject thereof, or the interest of the insured therein, or in case of any fraud or false swearing by the insured relating thereto."

4. Orient Ins. Co. v. Van Zandt-Bruce Drug Co., 50 Okl. 558, 151 P. 323; Royal Ins. Co. v. Scritchfield, 51 Okl. 523, 152 P. 97; Hargrove v. American Cent. Ins. Co., 10 Cir., 125 F.2d 225.

5. Oklahoma Farm Bureau Mut. Ins. Co. v. Tyra, 207 Okl. 116, 247 P.2d 969; Mer-

cury Ins. Co. v. Miles, 190 Okl. 607, 126 P.2d 74; Buffalo Insurance Company v. Amyx, supra; Chaachou v. American Central Insurance Company, 5 Cir., 241 F.2d 889, 893; 29A Am.Jur., Insurance, § 1848, p. 908.

6. Orient Ins. Co. v. Van Zandt-Bruce Drug Co., supra; Royal Ins. Co. v. Scritchfield, supra; Sundquist v. Camden Fire Ins. Ass'n, 7 Cir., 119 F.2d 955, cert. denied, 314 U.S. 658, 62 S.Ct. 110, 86 L.Ed. 527; 29A Am.Jur., Insurance, § 1419, p. 528.

7. Orenstein v. Star Ins. Co., 4 Cir., 10 F. 2d 754; Cuetara Hermanos v. Royal Exchange Assur. Co., 1 Cir., 23 F.2d 270, cert. denied, 277 U.S. 590, 48 S.Ct. 437, 72 L.Ed. 1002; 29A Am.Jur., Insurance, § 1421, p. 530.

8. Jose Rivera Soler & Co. v. United Firemen's Ins. Co., 299 U.S. 45, 57 S.Ct. 54, 81 L.Ed. 30; Buffalo Insurance Company v. Amyx, supra; Orenstein v. Star Ins. Co., supra.

supra, 299 U.S. at page 50, 57 S.Ct. at page 56:

"* * * Policy holders may present inaccurate proofs of loss without conscious dishonesty or intent to defraud; different views of values are common; memory is faulty; insurance company and assured often entertain widely different views concerning the policy; and evidence cannot always be produced to establish something declared to be true in entire good faith."

And, in a case where there is evidence to support a finding of fraud and false swearing and, also, evidence justifying a finding to the contrary, the issue is one for determination by the trier of fact.[9]

The fire occurred on July 11, 1959, and immediately thereafter, appellant had the inventory taken. There is no question about the quantity of merchandise involved or the existence of the furnishings and fixtures as claimed by appellee. At the time of the taking of the inventory, upon the giving of her sworn statement and in her testimony before the Master, appellee stated the percentage markup above cost for each category of merchandise.

In the preparation of her proof of loss, appellee adopted the inventory made by appellant's agent, applied her claimed percentage markups to the various items of merchandise and thus arrived at her cost price. The total cost of the merchandise, so arrived at, amounted to $17,983.21, which amount, less any salvage value, appellee claimed on her proof of loss to be the actual or reasonable value of the merchandise lost by reason of the fire. In computing the amount of her loss, as to the furnishings and fixtures, appellee used the inventory of those items, which was prepared by appellant's claims adjuster. To this list of items, she applied her cost price and deducted what she considered to be their value after the fire. The result was the amount of $11,294.06, which was her claimed loss as to the furnishings and fixtures. Her testimony was that the current replacement cost of these items was higher than her actual cost because of an increase in the retail price, and therefore her estimate of the actual or reasonable value before the fire was her cost. Her after fire value of furnishings and fixtures was $493.00, which was in accord with the testimony of her expert witness. With her books and records destroyed, appellee relied upon information she had obtained from the original vendors of these items to establish her total cost price.

Under the circumstances, appellee used the only method available to her in establishing the cost price of her merchandise and furnishings and fixtures. Furthermore, the record shows the proof of loss to have been prepared by one of her attorneys, so we must assume she had legal advice concerning its preparation.

The Master found the cash value of the stock of merchandise to be $16,240.38, with salvage amounting to $3,496.09; the actual cash value of the furnishings and fixtures before the fire to be $9,-035.21, with an after fire value of $493.-00; and recommended a judgment of $12,744.99 upon the stock of merchandise, and $8,542.21 upon the furnishings and fixtures.

To refute appellee's claimed cost of the stock of merchandise, appellant used the duplicate invoices, obtained and produced by appellee, and through an analysis by its experts sought to prove a lesser total cost of merchandise. This constituted some proof to support appellant's position, but was not conclusive, as all of the invoices had not been duplicated. The Master apparently did not accept the experts' analysis, but made his findings from the other evidence available. We cannot conclude, as appellant would have us do, that the experts' analysis was an unrefutable mathematical calculation. The cross-examination of the

9. Queen Ins. Co. of America v. Baker, 174 Okl. 273, 50 P.2d 371; Buffalo Insurance Company v. Amyx, supra; Sundquist v. Camden Fire Ins. Ass'n, supra.

experts clearly demonstrates numerous flaws in such calculation. Appellant lays stress upon the cost of furnishings and fixtures, as stated in the depreciation schedule of appellee's income tax returns, when compared to her claimed cost in the proof of loss and upon the trial. There is some difference, but again, the Master, after considering all of the evidence, made his own finding in this regard, and it was within the range of the evidence before him. The testimony of the two parties was in wide variance as to the after fire value of these items. The Master chose to accept the appellee's testimony in this regard, and there is ample evidence to support such finding.

During the existence of the controversy, appellant made many requests for documentary information, in addition to the taking of two lengthy statements from appellee. The record shows that appellee and her counsel exerted every effort to procure the requested duplicate invoices, with considerable success. Likewise, appellee's accountant and tax consultant cooperated in every way he could. A great quantity of documents were thus furnished to counsel for appellant, from which it attempted to build its defense. It is not surprising that from all of these documents appellant is able to discover some discrepancies. The Special Master, an excellent lawyer, had all of this documentary evidence, plus five days of oral testimony, before him.

■ We are not impressed with appellant's charge of fraud and false swearing. These are serious charges and cannot be substantiated simply because of differences of opinion as to reasonable value. It must be remembered that appellee, after the fire, with her records destroyed, was faced with a nearly impossible task of accurately determining the cost of her stock of merchandise. This, she tried to do in order to reach the reasonable or actual value of her stock of merchandise.

Appelleee and her counsel furnished appellant with all the records and documents they were able to procure in support of the claim. There is nothing in the record to indicate that they withheld or concealed anything. It is just a case of wide variance in opinions as to the actual fire loss, and nothing more.

■ We must conclude that all of the findings of fact made by the Special Master, and adopted by the trial court, are supported by substantial evidence. Certainly, we cannot say that any of them are clearly erroneous.

Affirmed.