FILED
United States Court of Appeals
Tenth Circuit

November 1, 2016

Elisabeth A. Shumaker
Clerk of Court

PUBLISH

# UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

---

CENTURY SURETY COMPANY,

  Plaintiff - Appellee,

v.

SHAYONA INVESTMENT, LLC,

  Defendant - Appellant.

No. 15-6083

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA
(D.C. No. 5:13-CV-00386-C)**

---

S.Corey Stone, Pettis & Stone, Shawnee, Oklahoma, for Defendant - Appellant.

Phil R. Richards, (Randy Lewin, and Brett E. Gray of Richards & Connor, on the brief), Tulsa, Oklahoma, for Plaintiff - Appellee.

---

Before **KELLY**, **PHILLIPS**, and **MORITZ**, Circuit Judges.

---

**KELLY**, Circuit Judge.

Plaintiff-Appellee Century Surety Company ("Century") issued a commercial lines policy to Defendant-Appellant Shayona Investment, LLC ("Shayona") covering commercial property and business income coverage. Shayona submitted claims, Century paid them, and then Century sought a

declaratory judgment in the district court as to whether the claims were fraudulent. At trial, the jury found in favor of Century, awarding it both the amount the company paid Shayona under the policy and the sum it spent investigating the claims. Shayona appeals from the district court's entry of judgment on that verdict, arguing that the standard of proof the court instructed the jury to use was wrong. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we affirm.

Background

Century issued the policy to Shayona on October 19, 2011, for one year of coverage on the Cinderella Inn in Shawnee, Oklahoma. 2 Aplt. App. 201. The policy included a provision that expressly voided coverage "in any case of fraud" by the insured, including intentional concealment or misrepresentation of any material fact relating to the covered property or claim for coverage. 1 Aplee. Supp. App. 16. Such a provision is commonly referred to as a "fraud and false swearing" provision. The provision is consistent with the requirements of Oklahoma law. See Okla. Stat. tit. 36, § 4803(G).

Over the course of the next year, Shayona submitted multiple claims. First, it claimed property and business income loss from vandalism and theft to the Inn's bar, which allegedly occurred in October 2011. Second, it claimed damages from a hail storm that occurred in May 2012. Century paid the claims in the

combined amount of $777,885.41. 2 Aplt. App. 202–06. After Shayona submitted additional related claims, Century became suspicious and conducted further investigation, eventually concluding that at least some of the submissions by Shayona were fraudulent. It then filed its complaint for declaratory judgment for a determination of rights and obligations under the contract, including whether Shayona had committed fraud such that the policy was void and Century was due back the money it had paid out. 1 Aplt. App. 11, 16–17.

The parties disagreed as to what evidentiary standard should govern. Shayona argued that a clear and convincing standard was appropriate because it viewed Century's claim as a fraud action. 3 Aplt. App. 642. The district court disagreed; it accepted Century's characterization of the action as one for declaratory judgment, and instructed the jury that Century need only prove breach of the contract by a preponderance of the evidence. 3 Aplt. App. 710–11. The jury found that Shayona had indeed submitted false or fraudulent information that voided the policy, and that judgment should be entered against Shayona for $855,057.91[1]. Id. at 192, 741. The district court entered judgment on the verdict, 1 Aplt. App. 193, and this appeal followed.

---

[1] This is the amount Century asked for in closing argument, which combines the $777,885.41 it paid out under the policy with the $77,172.50 it spent investigating the claims. 3 Aplt. App. 737, 540–48; Aplee. Br. at 9.

<u>Discussion</u>

We review jury instructions de novo.  <u>Pratt v. Petelin</u>, 733 F.3d 1006, 1009 (10th Cir. 2013).  Shayona argues that the district court erred by instructing the jury that Century only had to prove its case by a preponderance of the evidence. The standard should have been clear and convincing, Shayona says, because Century's claim was, in fact, a fraud claim: Century was not merely raising fraud as an affirmative defense to deny payment under the contract (in which case Shayona agrees that preponderance of the evidence would be the correct standard), but rather Century was bringing the claim outright to reclaim the money it had paid out under the contract *and* to recover the investigative expenses.  Aplt. Br. at 5–15.  Thus, Shayona contends, even though Century strategically characterized its claim as a declaratory judgment action to gain the benefit of the lower standard, in reality the claim was for fraud, and as such it should be treated as a claim for fraud — and this requires use of the clear and convincing standard.  <u>Id.</u> at 9; <u>see also</u> <u>Funnell v. Jones</u>, 737 P.2d 105, 108 (Okla. 1985).

We are not convinced, having previously held that, under Oklahoma law, an insurer claiming that the insured violated a fraud and false swearing provision in an insurance policy must prove it by "a fair preponderance of the evidence." <u>Transp. Ins. Co. v. Hamilton</u>, 316 F.2d 294, 296 (10th Cir. 1963).

Though Shayona blends its arguments to assert that the clear and

- 4 -

convincing standard should apply to the entirety of Century's action, there are three possible reasons that might support such a conclusion. The first is that when an insurer seeks to deny payment on the contract for reason of fraud, preponderance is the right standard, but when it seeks restitution of money already paid, then clear and convincing is the standard. Second is that even though preponderance might be correct as to money paid out under the contract, the clear and convincing standard is required to recoup any additional costs not directly covered by the contract — here, Century's investigative expenses. And third is that regardless of what would happen in the first two scenarios, the combination of (1) and (2) transforms the entire claim to one governed by the higher evidentiary standard. This is the argument most clearly presented by Shayona.

As to the first reason — setting aside for the moment the issue of extra-contractual expenses — this is a distinction without a difference. In civil actions involving private disputes, the general standard of proof is preponderance of the evidence. Johnson v. Bd. of Governors of Registered Dentists of State of Okla., 913 P.2d 1339, 1345 (Okla. 1996). Though the clear and convincing standard is typically used in civil cases "involving allegations or fraud or some other quasi-criminal wrongdoing," this is because the interests at stake involve more than the "mere loss of money." Addington v. Texas, 441 U.S. 418, 424 (1979). But in a breach-of-contract insurance action, what is at stake is precisely the "mere loss of

money," and so Oklahoma courts have long used the preponderance standard in such actions. See Gourley v. Nw. Nat'l Life Ins. Co., 220 P. 645, 647 (Okla. 1923). The same is true, as Shayona admits, if the insurer raises breach of a fraud provision as an affirmative defense. Transp. Ins. Co., 316 F.2d at 296. We simply fail to see why a different standard would apply to a party asserting the same argument as a claim instead of as a defense. See Lederman v. Frontier Fire Protection, Inc., 685 F.3d 1151, 1154 (10th Cir. 2012) (approving jury instruction stating that "[t]he party asserting a claim or an affirmative defense has the burden of proving [it] . . . by a preponderance of the evidence.").

Nor has Shayona pointed to any cases that make a distinction as to the burden of proof based upon whether a theory is asserted as a claim or defense. Relying upon United Services Automobile Ass'n v. McCants, 944 P.2d 298 (Okla. 1997), Shayona contends that there cannot be an affirmative claim of fraud that breaches the contract because Oklahoma already recognizes the difference between fraud as a tort claim and fraud as an affirmative defense in a breach-of-contract action. Aplt. Br. at 9. But McCants does not support such a proposition.

In McCants, the insurer sought recovery of investigative expenses and of money it paid out to the mortgagee on account of arson by the insured mortgagor. See 944 P.2d at 299–301. But unlike the present case, the insurer in McCants sought this recovery through a tort action for fraud, not through an action on the contract. Id. at 301. As explained by the state court: "USAA's action was a tort

action for fraud. It was not based on the contract provision which allows USAA to deny the claim in cases of concealment or fraud." Id. Thus, McCants illustrates that an insurer can choose to bring a fraud action in tort to recover damages caused by the fraud. It does not require that the insurer do so instead of seeking recovery from the contract itself.

We turn next to the second reason that might support Shayona's position, that extra-contractual expenses caused by the insured's fraud can only be recovered through a fraud action. The jury awarded Century $77,172.50 for its investigative expenses. But Shayona forfeited challenging this award by not objecting to the court's jury instruction on damages. See 3 Aplt. App. 642, 718; Oral Argument at 1:16–2:50; see also Fed. R. Civ. P. 51(c)(1), (d)(2); United States ex rel. Bahrani v. ConAgra, Inc., 624 F.3d 1275, 1284 (10th Cir. 2010).

Finally, we turn to the third reason that might support Shayona's position: that the inclusion of investigatory expenses supports viewing the entire claim as one for fraud. Shayona's reliance upon McCants is unavailing here also. There simply is no reason to believe that a higher evidentiary standard should apply when an insurer brings a declaratory judgment action regarding its rights under the contract because of an insured's fraudulent behavior. The inclusion of other damages resulting from the breach does not change this, and it does not transform this contract action into one of tort. Rather, damages from breach of contract includes those damages which are the "natural and proximate consequence of a

breach." See Chorn v. Williams, 99 P.2d 1036, 1037 (Okla. 1940).

AFFIRMED.