## MOSS v. LOUDERBACK et al.

No. 21064. Opinion Filed July 6, 1932.

Rehearing Denied Oct. 18, 1932.

S. J. Berton and L. J. York, for plaintiff in error.

Sam P. Ridings and J. C. McClelland, for defendants in error.

HEFNER, J. This is an action brought in the district court of Kay county by A. W. Moss, incompetent, by his guardians, Victor R. Moss and Cassie Moss, against M. W. Louderback, S. A. Staley, and others, to set aside and cancel certain contracts and deeds relating to real estate located in that county.

The case is based on the ground that plaintiff was an incompetent at the time he executed the instruments, and that he was induced to enter into the transactions here involved by and through fraud practiced upon him by defendants. The trial court found the issues against plaintiff and entered judgment in favor of defendants.

Plaintiff has appealed and asserts that the judgment is against the clear weight of the evidence. However, in his brief, he fails to point out any of the evidence which he contends proves his incompetency and the fraud practiced upon him as alleged in his petition. None of the evidence is set out or discussed by him. The trial court specifically found that plaintiff, at the time of the execution of the instruments, was mentally sound, and that the transactions complained of were free from fraud.

Defendants have abstracted the evidence, and it appears therefrom that the findings and judgment of the trial court are sufficiently supported by the evidence. It appears that, on and prior to January 8, 1927, J. W. Chapman was the owner of certain lots in Scott addition to the city of Ponca City, and on that date sold the same to defendant Louderback. The lots were to be paid for by monthly payments, under a written contract entered into between the parties. Chapman had a lien, under the contract, against the lots for the purchase price. This contract was thereafter assigned to plaintiff Moss, who claimed a lien against the lots by virtue thereof in the sum of $1,268.25. It further appears from the findings of the court that, on May 24, 1928, by and through an understanding between plaintiff and defendant Louderback, plaintiff entered into a written contract with defendant S. A. Staley for the purchase of certain lots in town site of Lynchville, subdivision of Ponca City, whereby plaintiff

agreed to purchase the lots, together with the building and furniture thereon situated, from Staley for the sum of $9,750, to be paid for by monthly payments of $100. Under the terms of the contract, plaintiff was to have credit on the Staley notes in the sum of $1,268.25, the amount of the lien claimed by plaintiff against the lots in Scott addition owned by Louderback, who was to convey them to Staley. A contract was then entered into between plaintiff and Louderback whereby plaintiff agreed to sell and convey to him the lots purchased from Staley for the sum of $9,750 on monthly payments of $120 each. Deeds were executed under these contracts by the various parties, and the same were placed in escrow to be delivered upon fulfillment of the contracts.

It is plaintiff's contention that he was incompetent at the time these contracts were entered into. It is stipulated by the parties that plaintiff was adjudged incompetent by the county court of Kay county after the contracts here involved were executed; the exact date the order was made is not set forth in the stipulation. This stipulation is no evidence that plaintiff was incompetent at the time the transactions were entered into, and, as before stated, the finding of the trial court that he was at that time competent is not against the clear weight of the evidence.

Plaintiff claims to have been induced to enter into the contract to purchase the lots from Staley through fraud practiced upon him by Staley and Louderback. He contends that they represented to him that the contract for the purchase of these lots was simply a release of his lien on the Scott addition property and a creation of a lien in his favor in that amount against the property purchased from Staley; that defendants represented that they were merely trading properties, and that Staley desired to transfer plaintiff's lien from the property in Scott addition to the other property, and that the instruments drawn and signed by plaintiff were instruments transferring this lien; and prayed that these instruments be canceled; that his lien against the lots in Scott addition be reinstated and foreclosed, and that he recover from Louderback the amount thereof. The trial court found this issue against plaintiff, and such finding, not being against the clear weight of the evidence, will not be set aside by this court.

Plaintiff further contends that the court erred in overruling his motion for a continuance. This application was based on the ground that his attorney died after the issues were made up. The evidence shows that Judge Carter, who was attorney for plaintiff, died May 28, 1929, and the case was called for trial June 26, 1929. It will therefore be seen that 29 days elapsed after the death of plaintiff's counsel before the case was tried. He had ample time to employ other counsel, and this court will not reverse the judgment because of the denial of his motion for continuance, in the absence of a showing that he was prejudiced thereby. It has been repeatedly held by this court that motions for continuance are addressed to the sound legal discretion of the court and its ruling thereon will not be reversed unless an abuse of such discretion is shown. No abuse of discretion being shown, the court committed no error in denying the motion.

The court, on cross-petition of defendant Staley, quieted title in him to the lots in Lynchville addition. This action is also complained of by plaintiff. No authority is cited by him which holds the judgment in this respect erroneous. No good reason is assigned for reversing the judgment in this respect. We fail to see wherein the court committed error in so doing. Plaintiff repudiated the contract under which the lots were purchased, and apparently abandoned them. Cross-petitioner was therefore entitled to the relief granted.

The judgment is affirmed.

RILEY, CULLISON, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. LESTER, C. J., CLARK, V. C. J., and SWINDALL J., absent.

Note.—See under (1) 2 R. C. L. 203; R. C. L. Perm. Supp. p. 376; R. C. L. Pocket Part, title Appeal, § 172. (2) 2 R. C. L. 219; R. C. L. Perm. Supp. p. 388; R. C. L. Pocket Part, title Appeal, § 183; 6 R. C. L. 544; R. C. L. Perm. Supp. p. 1760; R. C. L. Pocket Part, title Continuance, § 2.